In re Nicholas **FRASCATORE** and Laura Frascatore, Debtors.

The **LOMAS & NETTLETON COMPANY**

v.

Nicholas **FRASCATORE** and Laura Frascatore, his wife

and

James J. O'Connell, Esquire Standing Trustee.

Bankruptcy No. 82–05505G.

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 7, 1983.

David B. Comroe, Robinson, Greenberg & Lipman, Philadelphia, Pa., for The Lomas & Nettleton Co., the movant/mortgagee.

Michael Cibik, Philadelphia, Pa., for debtors, Nicholas Frascatore and Laura Frascatore.

James J. O'Connell, Philadelphia, Pa., standing trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether the mortgagee is entitled to modification of the automatic stay provisions of section 362(a) of the Bankruptcy Code ("the Code") to permit it to proceed with foreclosure proceedings so that the debtors' residence may be sold at sheriff's sale. Because the debtors have made but two payments to the mortgagee since the filing of their petition almost eleven months ago, we conclude that ample "cause" exists to justify the modification of the automatic stay.

The facts of the instant case are basically undisputed:[1] On November 16, 1982, Laura and Nicholas Frascatore ("the debtors"), owners of the premises located at 1436 E. Lycoming Street, Philadelphia, Pennsylvania, filed a petition for an adjustment of their debts under chapter 13 of the Code. Simultaneously with the filing of said petition, we ordered the debtors to pay the chapter 13 standing trustee and The Lomas and Nettleton Company ("the mortgagee") the monthly amounts proposed in their chapter 13 plan. The debtors made two such payments (in December 1982, and January 1983), and paid no more. On August 23, the mortgagee filed a motion for modification of the automatic stay provisions of section 362(a) of the Code pursuant to section 362(d)(1) of said Code.

Section 362(d)(1) provides the following conditions to be met in order for a party in interest to be entitled to relief from the automatic stay provisions of that section:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> \* \* \* \* \* \*

11 U.S.C. § 362(d)(1) (1979).

Section 362(g) allocates the burden of proof in a proceeding for relief from the stay and provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> >
> > (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g) (1979).

In view of the fact that the debtors had made but two payments to the mortgagee since the filing of their petition, we conclude that ample "cause" exists to warrant modification of the automatic stay. Consequently, we will grant the mortgagee's motion for modification of the stay.[2]

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Section 362(d) permits modification of the automatic stay upon alternative grounds. Relief may be granted under § 362(d)(1) upon a finding that a debtor's interest in property is not adequately protected or under § 362(d)(2) upon a finding that the debtor has no equity in the property and that that property is not necessary to an effective reorganization. *See Miners Nat'l Bank of Pottsville v. Schramm (In re Schramm)* 12 B.R. 608 (Bkrtcy.E.D.Pa.1981); *Commonwealth of Pennsylvania School Employees' Retirement Fund v. Heath (In re Heath),* 9 B.R. 665 (Bkrtcy.E.D.Pa.1981).