**In re Henry T. COSBY, Shirley T. Cosby, Debtors.**

**In re Henry T. COSBY, Shirley T. Cosby, Debtors.**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,**

**v.**

**Henry T. COSBY and Shirley T. Cosby, and James J. O'Connell, Trustee Defendants.**

**Bankruptcy No. 82–00392G.**
**Adv. No. 83–1164G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 25, 1983.

Joseph A. Goldbeck, Jr., Philadelphia, Pa. for plaintiff, Federal Nat. Mortg. Assn.

Irv Ackelsberg, Philadelphia, Pa. for debtors/defendants Henry T. Cosby and Shirley T. Cosby.

James J. O'Connell, Philadelphia, Pa., Standing trustee in chapter 13.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

Two cases are embraced by this opinion. The issue before us in the first case (No. 82–00392G), is whether the debtors' motion objecting to the proof of claim filed by Federal National Mortgage Association ("the mortgagee") should be granted because said claim includes an amount for attorneys' fees which exceeds the limitation on attorneys' fees set forth in the mortgage

agreement between the debtors and the mortgagee. In the second case (Adv. No. 83–1164G), we must determine whether the mortgagee is entitled to a "reasonable attorneys' fee" for having filed a complaint against the debtors seeking relief from the automatic stay under section 362(d) of the Bankruptcy Code ("the Code"). We conclude that the mortgagee's right to collect attorneys' fees from the debtors is governed by the terms of the mortgage agreement in question which imposes a cap on the amount of such fees collectible by the mortgagee. Accordingly, since the mortgagee's request for attorneys' fees contained in its proof of claim exceeds the cap, the proof of claim will be reduced to include only that amount of attorneys' fees owing under the terms of the mortgage agreement. Moreover, since the aforesaid limitation on attorneys' fees has already been satisfied, we will deny the mortgagee's request for "reasonable attorneys' fees" incurred in filing its complaint for relief from the stay. However, we do not interpret the mortgagee's instrument as limiting the amount for "costs of suits" incurred by the mortgagee and we will grant the mortgagee's request for recovery of the $60.00 filing fee expended in filing its complaint for relief from the stay.

The facts of the instant case are as follows:[1] On January 29, 1982, Henry T. Cosby and Shirley T. Cosby ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Code. On November 22, 1982, the debtors filed the instant motion objecting to the mortgagee's proof of claim wherein the debtors sought to have the mortgagee's proof of claim reduced by $375.00, which sum represents the amount exceeding the ceiling on attorneys' fees imposed by the mortgage agreement between the parties. On May 2, 1983, the mortgagee filed a complaint against the debtors seeking a modification of the automatic stay pursuant to section 362(d) of the

Code because the debtors failed to pay certain post-petition mortgage payments. Subsequent to the filing of said complaint, the debtors tendered an amount to the mortgagee sufficient to cure the post-petition arrearages. However, the debtors have refused to reimburse the mortgagee for the filing fee and the attorneys' fees expended in filing the aforesaid complaint.

Paragraph thirteen (13) of the mortgage agreement in question provides:

If, at any time, a Writ of Execution (Money Judgment) or other execution is properly issued upon a judgment obtained upon said Note, or if an Action of Mortgage Foreclosure or any other appropriate action or proceeding to foreclose a mortgage is instituted upon or under this Mortgage, an attorney's commission of five per centum (5%) of said principal debt shall be payable, and recovered in addition to all principal and interest and all other recoverable sums then due, together with costs of suit.

The parties do not dispute that the type of services rendered by the mortgagee, both pre-petition and post-petition, are covered by the aforesaid language. The only question to be decided is what amount of attorneys' fees is collectible by the mortgagee for the services rendered. The debtors contend that the mortgagee is entitled to no more than $158.63, which sum, the parties agree, represents five-percent (5%) of the principal balance outstanding at the time the state mortgage foreclosure was filed in accordance with the terms of paragraph 13 of the mortgage instrument, *supra*. The mortgagee, on the other hand, essentially maintains that it can receive "reasonable attorneys' fees" (to be determined by the bankruptcy court) regardless of the restrictive ceiling contained in the mortgage contract.[2]

■ The debtors contend that section 506(b) of the Code specifically allows for an award of attorneys' fees, but only in accord-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. The mortgagee relies on our previous decision involving the very same parties to the instant

case in *Fed. Nat'l Mortgage Ass'n. v. Cosby (In re Cosby)*, 22 B.R. 682 (Bkrtcy.E.D.Pa.1982) (wherein we held that the mortgagee was entitled to a reasonable attorneys' fee of $200.00 for having filed a complaint seeking relief from the stay as a result of the debtors' default on

ance with the terms of the agreement under which the claim giving rise to the attorneys' fees arose.[3] We think, however, that the controlling Code section in the instant case is section 1322(b)(2) rather than section 506(b).[4] Section 1322(b)(2) of the Code provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> \*    \*    \*    \*    \*    \*
>
> (2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence,* or of holders of unsecured claims;

11 U.S.C. § 1322(b)(2) (1979).

Therefore, when the rights of a holder of a claim secured only by a security interest in

the debtors' principal residence (as is the case with the mortgagee in the case *sub judice*) include a right to compensation for attorneys' fees, then section 1322(b)(2) of the Code preserves that right to compensation for attorneys' fees. And, the "rights" of a holder of a claim "secured only by a security interest in real property that is the debtor's principal residence" are contained in the loan agreement executed by the debtor and said claim holder.[5] Unfortunately for the mortgagee, the controlling instrument in the present case limits the mortgagee's recovery of attorneys' fees to a specific percentage. It does not permit recovery for "reasonable" attorneys' fees. Consequently, we will grant the debtors' amended motion to reduce the mortgagee's proof of claim by $375.00 and we will deny

post-petition mortgage payments) for the proposition that it is entitled to an identical fee for having had to file a second complaint for relief from the stay. The mortgagee's reliance on our previous opinion is misplaced. The sole issue presented for our determination in the previous case was whether the $200.00 fee (and other costs) requested by the mortgagee was reasonable, the debtors having expressly agreed to pay $200.00 subject to our determination that said fee was, in fact, reasonable under the facts of the case.

**3.** Section 506(b) of the Code provides:
> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

11 U.S.C. § 506(b) (1979).

**4.** In *In re Simpkins,* 16 B.R. 956 (Bkrtcy.E.D. Tenn.1982), the court stated:
> Obviously, § 506(b) does not affect the right to receive the regular payments. The court believes it does not affect the right to recover the other charges, costs, interest after maturity on defaulted payments, and attorney's fees provided for by the contract. If the main purpose of § 1322(b)(2) is to preserve payment rights, then it should also preserve these. Section 506 does not determine the right to payment, but only whether the claim is secured or unsecured.

16 B.R. at 965.

**5.** Section 330 of the Code provides:

> (a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award *to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney*—
>
> (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and
>
> (2) reimbursement for actual, necessary expenses.
>
> (b) There shall be paid from the filing fee in a case under chapter 7 of this title $20 to the trustee serving in such case, after such trustee's services are rendered.

11 U.S.C. § 330 (1979) (emphasis added).

We do not, however, construe counsel for a secured creditor as being a "functionary of the bankruptcy court" (as outlined in § 330(a)) entitled to reasonable compensation pursuant to independent court determination under § 330. *Contra In re Erewhon, Inc.* 21 B.R. 79 (Bkrtcy. D.Mass.1982). Nor do we conceive the instant situation to be one where we have the right and the power to disregard previous contractual agreements concerning attorneys' fees. *See* our previous opinion rendered in *In re Penn Fruit Co., Inc.,* 26 B.R. 81 (Bkrtcy.E.D.Pa.1982) (dollar limitation on costs of administration contained in debtor's plan which was previously confirmed by the bankruptcy court held to be non-binding).

the mortgagee's request for an additional attorneys' fee of $200.00. We will, however, grant the mortgagee's request for costs of $60.00 incurred in filing its complaint for relief from the stay.[6]

---

**6.** At the trial on the debtors' motion objecting to the mortgagee's proof of claim, we ruled that state court costs of $120.00 should be subtracted from the mortgagee's claim because said costs were incurred after the debtors' filed their petition for relief in violation of the automatic stay provisions of section 362(a) of the Code (N.T. January 17, 1983 at 8).