In re Gerald M. KEAYS and Judith A. Keays, Debtors.

**GERMANTOWN SAVINGS BANK, Plaintiff,**

v.

Gerald M. KEAYS and Judith A. Keays, Defendants.

Bankruptcy No. 82–00240 T.
Adv. No. 82–1484.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 29, 1984.

Leon P. Haller, Purcell, Nissley, Krug & Haller, Harrisburg, Pa., for plaintiff.

David F. Dunn, Allentown, Pa., for defendants.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiff-mortgagee, Germantown Savings Bank, pursuant to Section 362(d)(1) of the Bankruptcy Code, 11 U.S.C. § 362(d)(1), seeks relief from the automatic stay so that it may proceed with a state law foreclosure

action against the Chapter 13 debtors' real property. For the reasons hereinafter given, we shall grant the relief requested by the plaintiff.[1]

The plaintiff's Complaint is based solely upon Section 362(d)(1) of the Bankruptcy Code, 11 U.S.C. § 362(d)(1), which states:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest ..."

The plaintiff's principal contention is that it is entitled to relief from the stay because the debtors have, without explanation, failed to make any mortgage payments to it for the months of August, 1983 through December, 1983, when testimony in this proceeding was last taken.[2]

A debtor's failure to make regular mortgage payments as they become due can constitute "cause" for relief from the automatic stay pursuant to § 362(d)(1). See *In re Frascatore,* 33 B.R. 687 (Bkrtcy.E.D.Pa. 1983); *In re Hinkle,* 14 B.R. 202 (Bkrtcy.E. D.Pa.1981); *Ukranian Sav. and Loan Assoc. v. Trident Corp.,* 22 B.R. 491, 495 (D.C., E.D.Pa.1982). We read § 362(d)(1), as well as the above-cited cases, to support a finding in this case that the debtors' unexplained failure to make five consecutive mortgage payments, standing alone, constitutes cause for relief from the stay.

However, there are additional factors in the present case which further lead us to that conclusion. In the first place, it is clear from the undisputed evidence of record that the debtors, at best, have only minimal equity in the subject real property. Such minimal equity is insufficient to provide a meaningful so-called "equity cushion" as a possible protection for the plaintiff's interest in the property. Furthermore, whatever equity cushion that may exist has been steadily eroding due to the debtors' aforementioned mortgage delinquencies, as well as certain tax delinquencies. See *Ukranian Sav. and Loan Assoc. v. Trident Corp., supra; In re A.Z.J.Z., Inc.,* 22 B.R. 966 (Bkrtcy.E.D.Pa.1982); *In re Winslow Center Associates,* 32 B.R. 685 (Bkrtcy. E.D.Pa.1983).

Secondly, in a separate Memorandum Opinion and Order, we have today denied confirmation of the debtors' Chapter 13 Plan because of its unlawfully proposing to cure the substantial pre-petition mortgage arrearages (which are separate from the arrearages stemming from the five missed post-petition mortgage payments referred to *supra* ) over a period of time in excess of the length of the Plan. 36 B.R. 1018 Thus, no argument can be made that cause for relief from the stay is counteracted by the protection of the plaintiff's interest via a Chapter 13 Plan.

Finally, the pre-petition mortgage arrearages amount to $4,001.25, exclusive of any other possible fees and costs pertaining to this delinquency, resulting from nine missed mortgage payments. Also, the debtors concede that they have no reasonable prospect of being able to cure these arrearages in a lawful Chapter 13 Plan. We need not decide today whether or not this factor, standing alone, constitutes sufficient cause for relief from the stay under § 362(d)(1). However, we view this factor as relevant to our ruling in favor of the plaintiff in the present case.

For all of the foregoing reasons, we shall grant to the plaintiff its requested relief from the automatic stay pursuant to § 362(d)(1).

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

2. The plaintiff does not allege that the debtors have no equity in the subject real property. Therefore, the plaintiff does not seek relief from the stay pursuant to Section 362(d)(2) of the Bankruptcy Code, 11 U.S.C. § 362(d)(2).