### In the Matter of Harlan Page MELSON, a/k/a Page Melson, Debtor.

**Bankruptcy Nos. 84-6, M-84-40.**

United States Bankruptcy Court,
D. Delaware.

Nov. 1, 1984.

---

James B. Tyler, III, Georgetown, Del., for Sarah E. Dillon.

H. Clay Davis, III, Georgetown, Del., for Mellon Bank.

Benjamin F. Shaw, III, Georgetown, Del., for debtor.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

On September 18, 1980, H. Page Melson (debtor) purchased Valley of the Swans Hotel in Lewes, Delaware from Farmers Bank of the State of Delaware and Sarah E. Dillon, co-trustees, and Mrs. Dillon individually for $255,000. Mrs. Dillon and Mellon Bank, successor to Girard Bank Delaware, which was successor to Farmers Bank, are the holders of a mortgage granted to secure payment of $200,000 of the purchase price. Under the terms of the note, debtor is required to make monthly payments to-

talling $1,930.06—Mellon, $1,653.68; Mrs. Dillon, $276.38. No payments have been received since July 13, 1983 when the payment due July 1, 1983 was made.

Debtor filed a Chapter 13 petition on July 26, 1983, which was dismissed December 7, 1983. The mortgagees commenced mortgage foreclosure proceedings on January 5, 1984. Debtor that same day filed another Chapter 13 petition thereby staying the foreclosure action. The debtor exercised his right to convert his case to a Chapter 11 proceeding on February 11, 1984.

The Bank and Mrs. Dillon seek relief from the automatic stay provisions of 11 U.S.C. § 362(a) to proceed with the pending mortgage foreclosure action against their collateral. Section 362(d) provides that relief shall be granted (1) for cause, including lack of adequate protection OR (2) if the debtor does not have equity in the property and it is not necessary to an effective reorganization. The Bank and Mrs. Dillon contend they are entitled to relief under either one of the subsections. Debtor argues that relief should not be granted because (1) 34% of the value of the property is equity of the debtor, (2) the property is an integral part of his plan to reorganize and (3) movants' interest in the collateral is adequately protected.

At the hearing on August 21, 1984 the parties stipulated that the collateral has a fair market value of $300,000. (In his answering memorandum, debtor stated there was no stipulation as to fair market value but after reviewing my notes and joint exhibit 1, I find that the parties did so stipulate for the purpose of this motion. Furthermore, debtor's second affirmative defense states that the property has a fair market value of $300,000. Debtor's post-hearing arguments relating to fair market value are therefore not persuasive.)

■ The amount due under the terms of the mortgage as of the hearing date includes:

| | |
|---|---|
| Principal | $194,678.80 |
| Interest (through 5/29/84) | 18,107.26 |
| Late charges (13 months) | $ 1,254.50 |
| Insurance premiums paid by mortgagee | 2,411.04 |
| Attorneys' Fees | 11,028.87 |
| | $227,480.47 |

The reasonableness of attorneys' fees must be ultimately determined by the court having jurisdiction over the foreclosure action but 5% has been held reasonable by the Delaware courts. Therefore, attorneys' fees have been included in determining the amount due under the mortgage.

■ The property is also encumbered by liens senior to the mortgage for unpaid real estate taxes and utilities totalling $12,490.90:

| | |
|---|---|
| Sussex County Treasury Division | $4,911.92 |
| City of Lewes Real Estate Taxes | 4,155.06 |
| City of Lewes utilities | 3,423.92 |
| | $12,490.90 |

Debtor argues that this amount should not be included in calculating total liens against the property because the amounts owing to Sussex County and the City of Lewes were not proven by movants and are in fact no longer owing. He has attached a settlement sheet to his post-trial memorandum purporting to show that the obligations to the county were satisfied on September 10, 1984 out of proceeds from the sale of other property owned by debtor. Debtor's attempt to supplement the record ignores the fact that the court must rule on the motion after examining the evidence presented on the date of the hearing. The amounts due Sussex County and the City of Lewes will be included in calculating total liens against the property. (See Movants' exhibits 2 and 3)

Liens junior to the mortgage were satisfied from the proceeds received from a settlement held on June 18, 1984 on other property of debtor. Thus, movants' collateral is subject to liens totalling $239,971.37. Subtracting this amount from the fair market value of the property, $300,000, leaves debtor with equity of $60,028.63.

■ The purpose of requiring adequate protection is to preserve the secured creditor's position as it existed at the time

of the filing. An equity cushion provides adequate protection if the equity is not eroding so rapidly that it is illusory. The parties have not informed the court of the per diem interest but interest and late charges continue to accrue. Additionally, debtor has failed to maintain insurance coverage as required under the terms of the mortgage and the mortgagees have been required to pay insurance premiums. Debtor's continued failure to maintain insurance on the premises together with accruing interest and late charges will result in a reduction of debtor's equity. However, the evidence did not establish that the property is not being properly maintained or that the value of the collateral is declining. In fact, debtor testified that he has made substantial structural and cosmetic improvements to the property since purchasing it in 1980. An equity cushion provides adequate protection when the creditor can foreclose upon the collateral and realize an amount sufficient to fully cover the balance of the obligation. *In re 5-Leaf Clover Corp.*, 6 B.R. 463 (Bankr.W. Va.1980). The Bank and Mrs. Dillon are not entitled to relief under (d)(1) because their interest in the collateral is adequately protected by the substantial equity cushion that exists.

Neither are the movants entitled to relief under (d)(2). Debtor has equity in the collateral and has met his burden of proof on the issue of successful reorganization.

Since his filing in January, debtor has with court approval substantially reduced his secured liability through the sale of property. He has been and proposes to continue to sell such property as is necessary to enable him to satisfy his obligations. The property involved in this motion is listed for sale with several realtors in Sussex County. A plan has been filed. It would be premature at this point to find that there is no possibility of a successful reorganization.

Although movants are not entitled to relief under either § 362(d)(1) or (d)(2) to proceed with their foreclosure action under

the circumstances as they now exist, they should not be made to wait until debtor's equity has been completely depleted. Debtor has had the protection of the automatic stay for over a year and movants have received no payments under the mortgage. This has caused Mrs. Dillon, in particular, hardship. Therefore, the stay will remain in effect provided debtor resumes monthly payments under the terms of the mortgage and obtains proper insurance so that movants' interest is fully insured.