**In re John T. MISSIMER and Robin G. Missimer, Debtors.**

**Bankruptcy No. 83–00935 T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 19, 1984.

Elaine B. Battle, Central Pa. Legal Services, Reading, Pa., for debtors.

Richard E. Fehling, Reading, Pa., for New Home Federal Sav. and Loan Assn.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this Chapter 7 case, the mortgagee of the debtors' resident real property, New Home Federal Savings and Loan Association ("mortgagee"), has filed, pursuant to section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), a motion for relief from the automatic stay as to the debtors' real property.[1] We interpret the mortgagee's motion as seeking relief from the automatic stay under both 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2). In the motion's prayer for relief, the mortgagee requests, apparently in the alternative, that the automatic stay be vacated and that the debtors provide the mortgagee with adequate protection.

It is undisputed that the mortgagee is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2). The Chapter 7 debtors admit that they have no equity in the property (albeit their debt to the mortgagee does not greatly exceed the undisputed value of the property) and they understandably do not claim that the property is necessary to an effective reorganization. However, as the debtors correctly point out, relief from the stay does not, of course, necessarily mean that the stay be vacated. We have the discretion to, *inter alia,* keep the stay in effect so long as the debtors continue to satisfy certain conditions in the form of obligations to the mortgagee which we may impose upon them.

The mortgagee also argues that it is entitled to relief from the stay pursuant to 11 U.S.C. § 362(d)(1) because the debtors have failed to provide and continue to fail to provide adequate protection of the mortgagee's interest in the real property. The

---

**1.** This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

mortgagee's argument is premised upon the debtors' admitted delinquency in mortgage payments, particularly during the past approximately two years.

Briefly, the rather sparse record indicates that the debtors and their three minor children have lived in the property since 1973, when the mortgage agreement was entered into between them and the mortgagee. By September, 1983, subsequent to the debtors' bankruptcy filing, the debtors were significantly in arrears on the mortgage obligation. In September, 1983, the debtors and the mortgagee agreed that the debtors would, beginning October 1, 1983, pay $200.00 per month to the mortgagee. The $200.00 per month represented the regular monthly mortgage payment of $159.22 and $40.78 toward the mortgage arrearages. It appears that the debtors had made only three payments (and offered a fourth, which the mortgagee refused) out of the ten or eleven payments which were due pursuant to the agreement by the time that the mortgagee filed its instant motion. The debtors claim that their inability to comply with the agreement was the result of an unforeseen, uninsured family illness and unusually high heating bills during several months of 1983–84. As adequate protection of the mortgagee's interest pursuant to 11 U.S.C. § 362(d)(1), the debtors now propose to pay $225.00 per month to the mortgagee pending our consideration of a reaffirmation agreement entered into pursuant to 11 U.S.C. § 524 between the debtors and the mortgagee on January 13, 1984.[2] The debtors believe that they can pay this amount principally because debtor John T. Missimer has recently obtained full-time employment, whereas he was not working full-time during the course of the parties' September, 1983 agreement.

In response, the thrust of the mortgagee's argument is simply that the debtors' current proposal to pay $225.00 per month is unrealistic in view of the debtors' past delinquencies, especially their inability to pay regularly the formerly agreed-upon lesser amount of $200.00 per month. Therefore, argues the mortgagee, such an unrealistic proposal cannot constitute adequate protection of the mortgagee's interest in the real property. The mortgagee does not specifically argue that its interest in the property would not be adequately protected if it actually received payments of $225.00 per month on the mortgage.

We conclude that the debtors' proposal does provide adequate protection of the mortgagee's interest in the property pursuant to § 362(d)(1). Based largely upon Mr. Missimer's current full-time employment and the aforementioned mitigating factors in the debtors' inability to comply with the September, 1983 agreement, we believe that their proposal is realistic and financially feasible. Therefore, we shall deny the mortgagee's request for relief from the automatic stay under § 362(d)(1).

Furthermore, we believe that the debtors' proposal constitutes the proper basis for our fashioning of relief from the stay under § 362(d)(2), *supra*. We shall condition the maintenance of the automatic stay upon the debtors' payment of $225.00 per month to the mortgagee pending our consideration of the aforementioned reaffirmation agreement. Under all of the circumstances of this case, including the fact that the real property has been the residence of the debtors and their three minor children since 1973 and the fact that the debtors' "negative equity" in the property is rather small, we believe that such conditioning of the automatic stay is a more appropriate remedy than the drastic remedy of vacating the automatic stay.

---

**2.** This reaffirmation agreement mirrors, in part, the parties' aforementioned agreement of September, 1983. However, it contains various additional provisions and contingencies which are not relevant to the present dispute.