**In re Samuel MARTER and Diane Marter, Debtors.**

**Bankruptcy No. 84–04077G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 6, 1986.

Robert Lapowsky, Rubin, Quinn & Moss, Philadelphia, Pa., for movant, Public Finance Consumer Discount Co.

Jack K. Miller, Philadelphia, Pa., for debtors, Samuel Marter, Diane Marter.

James J. O'Connell, Philadelphia, Pa., Chapter 13 standing trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The query posed is whether we should grant relief from the automatic stay to a secured creditor on its third motion for relief from the automatic stay in the instant case, where the first two motions were withdrawn after the debtors' tender of arrearages and where the debtors have again tendered arrearages on the pending motion. For the reasons expressed herein we will conditionally grant the creditor relief from the automatic stay, such condition being the debtors' future default to the creditor.

The facts of this controversy are as follows:[1] The debtors borrowed $38,793.42 from Public Finance Consumer Discount Company ("Public") in 1983. To secure the loan the debtors granted Public a mortgage on a parcel of their realty. Under chapter 13 of the Bankruptcy Code ("the Code") the debtors filed a petition for the repayment of their debts. The filing of the petition gave rise to the Code's automatic stay against debt collection.

Shortly thereafter the debtors failed to meet the schedule of monthly payments on the loan, thereby prompting Public to move for relief from that stay. This motion was withdrawn on Public's acceptance of the debtors' payment of all arrearages to that date. Several months later the wife-debtor was injured in an automobile accident which resulted in a significant curtailment of her income for a period of several months. Accordingly, the debtors again fell in default on the loan and Public lodged another motion for relief from the automatic stay. This motion was amicably resolved when Public again accepted the debtors' tender of all arrearages. A few months later the debtors defaulted again and Public filed its third motion for relief from the automatic stay. After the filing of this motion, the debtors again tendered the ar-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

rearages but, this time, Public refused the offer of any payments.

As stated above, the filing of a petition under the Code gives rise to an automatic stay which bars a vast array of debt collection efforts against the debtor, his property or property of the bankruptcy estate. 11 U.S.C. § 362(a). However, relief from the automatic stay may be granted for cause under § 362(d)(1).[2] The issue is whether the facts of this case constitute cause.

Although numerous situations may establish various bases for cause under § 362(d)(1), we are aware of none which quite fit the factual circumstances of the instant controversy. Counsel have suggested that our determination on the presence of cause may be derived by balancing the respective interests of the parties. This seems a realistic approach, particularly in light of the fact that bankruptcy practitioners continually remind us that we *are* a court of equity.

The factors favoring the debtors are that at least some of the defaults were attributable to no fault of the debtors since, in one instance, the earning power of one of the wage earners was temporarily impaired by the consequences of an automobile accident. The debtors then tendered the arrearages on the debt and they have paid Public its counsel fees for the repeated treks to the courthouse. The equities favoring Public are that the debtors' performance record is execrable and while Public's counsel have been compensated, Public has found it necessary to repeatedly dispatch counsel in litigating what should be a fairly minor case. Furthermore, Public's loan officer was diverted from his ordinary course of business to testify on the third motion for relief.

Culling from the best of our Solomonic rulings of recent vintage, we hold that

there is no cause for *absolutely* modifying the stay at this time, but there is sufficient cause for a *conditional* modification of the stay. If the debtors fail to tender all arrearages currently due to Public within ten days of the date of this order, or, if they fail to meet a scheduled payment by more than ten days, the stay herein sought shall be modified as to Public without further order of this court.

We will enter an appropriate order.

---

**2.** (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).