In re Ruth L. SKIPWORTH a/k/a Ruth Tomlin, Debtor.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Moving Party,

v.

Ruth L. SKIPWORTH, Respondent,

and

James J. O'Connell, Esquire, Trustee.

Bankruptcy No. 85–04061G.

United States Bankruptcy Court, E.D. Pennsylvania.

Jan. 27, 1987.

Sheldon C. Jelin, Philadelphia, Pa., for movant.

Jack K. Miller, Philadelphia, Pa., for debtor.

James J. O'Connell, Philadelphia, Pa., Standing Chapter 13 trustee.

## OPINION

BRUCE FOX, Bankruptcy Judge:

The debtor, Ruth L. Skipworth, filed this chapter 13 bankruptcy case on September 26, 1985. Her chapter 13 plan was confirmed by order of this court dated April 1, 1986. Presently pending before me is a motion for relief from the automatic stay filed by a secured creditor, Federal National Mortgage Association (FNMA). I took the motion under advisement after a hearing on January 12, 1987.

The record made by the parties is extremely sketchy but certain facts were established at the hearing. FNMA holds a mortgage on the debtor's real property. FNMA's witness testified that no payments have been credited on the debtor's account since April 1986. The monthly mortgage payments are $119.00. According to FNMA, $1,044.00 in payments and $41.76 in late charges have accrued since April 1986. FNMA also seeks $30.00 in inspection fees (three inspections at $10.00 each) and $300.00 in counsel fees for filing the motion for relief from stay.

The parties stipulated that the debtor's attorney would testify that $1,000.00 was sent by the debtor to the chapter 13 trustee on January 8, 1987 and that, at the time of the hearing, that sum had either not yet been received by the trustee or not yet distributed. Debtor's counsel represented to the court that the chapter 13 plan calls for all postpetition mortgage payments to be made through the trustee.

There was no evidence produced regarding the value of the subject property. Despite the fact that the debtor represented her plan to be one in which postpetition mortgage payments are to be paid by the trustee, the debtor did not introduce any evidence regarding payments made to the trustee by the debtor other than the $1,000.00 payment made on January 8, 1987. Neither the chapter 13 plan nor the chapter 13 statement were introduced into evidence.

■ In ruling on the motion, I begin by recognizing that in the absence of any evidence concerning fair market value or equity in the subject property, relief cannot be granted under 11 U.S.C. § 362(d)(2). *See* 11 U.S.C. § 362(g)(1) (movant has the burden of proof on the issue of debtor's equity in the property).

■ Under section 362(d)(1), the movant "has the burden of going forward with evidence in the first instance to establish that there are some facts to support its allegations of 'cause.'" *In re Tursi,* 9 B.R. 450, 453 (Bankr.E.D.Pa.1981); *accord, e.g., In re Stranahan Gear Co.,* 67 B.R. 834, 836–37 (Bankr.E.D.Pa.1986). In this case, FNMA's evidence that it had received no postpetition mortgage payments for nine consecutive months was sufficient to meet its burden and to require that the debtor come forward with evidence establishing that FNMA is adequately protected.

**528**

*See In re Keays*, 36 B.R. 1016 (Bankr.E.D. Pa.1984) (failure to make five consecutive postpetition payments constitutes "cause" under section 362(d)(2)); *In re Frascatore*, 33 B.R. 687 (Bankr.E.D.Pa.1983) (involving nine missed postpetition payments out of eleven falling due). The creditor having met its initial burden of going forward, the ultimate burden of proof on the issue of adequate protection under section 362(d)(1) is on the debtor. 11 U.S.C. § 362(g)(2).

■ The debtor argues that the delinquency which is the basis of FNMA's motion is approximately $1,100.00, not the $1,400.00 requested [1] and that the recent payment of $1,000.00 to the trustee is sufficient to cure, or at least substantially cure the delinquency. Therefore, according to the debtor FNMA has no cause for relief from the automatic stay. I do not agree.

Even assuming that the delinquency is only $1,100.00, the debtor has not established a substantial cure of the postpetition delinquency and has not met her burden of establishing that FNMA is adequately protected. In the absence of additional evidence concerning the debtor's record of payments to the trustee, the $1,000.00 payment has no independent significance under § 362(d)(1).

■ The debtor's argument assumes what, in all probability, is not true: that all funds paid to FNMA by the trustee can, or should, be credited against post-petition mortgage payments. In all likelihood, as debtor's counsel represented in open court, the plan calls for monthly payments, a portion of which is to be distributed to creditors for prepetition debts and the balance to pay the regularly occurring postpetition mortgage obligation. *See* 11 U.S.C.

§ 1322(b)(5). In other words, what is relevant is not how the debtor or the mortgage company might wish to apportion payments as between the debtor's prepetition and postpetition obligations, but rather how the confirmed plan apportions the trustee payments. The debtor and the creditor are both bound by the terms of a confirmed plan. 11 U.S.C. § 1327(a). In short, when a creditor claims a lack of adequate protection due to the debtor's failure to make postpetition payments (in a case where the plan provides that such payments are to made through the trustee) and the debtor seeks to provide adequate protection solely [2] by curing or substantially curing the default, the debtor must show that his plan payments are or shortly will be substantially current.

In this case, the debtor has produced no evidence with respect to the overall status of her plan payments. Since her plan appears to provide that fulfillment of her postpetition obligations to FNMA are to be carried out through the trustee, this information is essential in order to determine whether the $1,000.00 payment has cured or substantially cured the postpetition default. As the burden of proof lies with the debtor on the issue, FNMA must prevail on its motion on this record. However, if the debtor can establish that her plan payments are substantially current or provide adequate protection to this creditor in some other manner, she may file an appropriate motion under 11 U.S.C. § 105 to request a stay of further collection action by FNMA.

---

1. The $300.00 difference represents the attorney's fees claimed by FNMA allegedly incurred in prosecuting the instant motion. There was evidence that the mortgage held by FNMA allows for an attorney's fee of 5% of the outstanding principal balance of the loan in collection proceedings, that 5% of the principal balance in this case would be $385.00 and that a component of the proof of claim filed by FNMA and allowed represents attorney's fees pursuant to the mortgage. Therefore, the debtor suggests that FNMA may not demand some or all of the

$300.00 because of the "restrictive ceiling" on attorney's fees in the mortgage. *See, e.g., In re Cosby*, 33 B.R. 949 (Bankr.E.D.Pa.1983). I need not reach this issue.

2. Obviously, adequate protection may be shown by other means. *See, e.g., Commonwealth of Pennsylvania School Employees Retirement Fund v. Roane*, 14 B.R. 542 (E.D.Pa.1981). The debtor made no such attempt here.