**In re William KANUIKA, III, Debtor.**

**Bankruptcy No. 87–01290F.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 3, 1987.

David H. Lang, Media, Pa., for movant/debtor, William Kanuika, III.

James J. Freeman, Yeadon, Pa., for Elizabeth F. May, mortgagee.

Edward Sparkman, Philadelphia, Pa., Trustee.

## MEMORANDUM OPINION

BRUCE FOX, Bankruptcy Judge:

Before me is a motion of the debtor styled "Motion for Relief From Judgment

or Order Pursuant to Bankr.Rule 9024." This motion arises from my order of June 1, 1987, which granted a secured creditor, Mrs. Elizabeth May, relief from the automatic stay. The debtor requests, in effect, that I: (1) reopen the record to allow him to submit additional evidence in opposition to Mrs. May's motion for relief from stay; and (2) reimpose the automatic stay pending a final ruling on Mrs. May's motion.

In order to understand why I grant the debtor some of the relief he requests, the procedural history and facts surrounding this dispute must be detailed.[1]

## I.

On May 25, 1973, Mrs. May sold the real property located at 536 Church Lane, Yeadon, Pennsylvania to the debtor and took back a mortgage to secure the purchase price. Monthly mortgage payments are $502.20, with the debtor also responsible for tax payments. On March 17, 1987, the debtor filed a voluntary petition in bankruptcy under chapter 13. On April 2, 1987, Mrs. May filed a motion for relief from the automatic stay in order to resume foreclosure proceedings against the real estate. The motion requests relief for at least three different reasons: that the debtor had failed to make prepetition mortgage and tax payments for some time; that the debtor had allowed the property to deteriorate prepetition; and that this current filing represented a misuse of the Bankruptcy Code because the debtor had filed a prior chapter 13 bankruptcy petition which was dismissed.

On April 28, 1987, the debtor filed his chapter 13 plan. Although the plan is less than clear, it appears that the debtor proposes to cure the prepetition mortgage delinquency through his payments to the chapter 13 trustee and to maintain regular postpetition mortgage payments to Mrs. May pursuant to 11 U.S.C. § 1322(b)(5). The plan calls for payments to the trustee of $400.00 monthly on the arrearage plus $502.20 per month on the postpetition mort-

gage debt. On May 28, 1987, the debtor filed an answer to the motion admitting the prepetition delinquency and the prior bankruptcy filing but otherwise denying the allegations made and Mrs. May's right to obtain relief.

The hearing on the motion for relief was originally scheduled for May 4, 1987. However, at the creditor's request, the date was postponed by stipulation of the parties until June 1, 1987. At the June 1 hearing, neither the debtor nor his counsel appeared. In order to meet her initial burden of production under 11 U.S.C. § 362(d)(1), *see In re Tursi*, 9 B.R. 450, 453 (Bankr.E.D.Pa.1981) (movant has the burden of going forward with evidence in the first instance to establish that there are some facts to support its allegations of "cause"); *accord, In re Skipworth*, 69 B.R. 526 (Bankr.E.D.Pa.1987); *In re Stranahan Gear Co.*, 67 B.R. 834 (Bankr.E.D.Pa.1986), the creditor called two witnesses. These witnesses testified that there was a prepetition delinquency and that no postpetition payments had been made as of the date of that hearing, June 1, 1986. Since the debtor was not present to provide evidence of adequate protection, I found that the creditor's burden was met and that the failure to make postpetition payments constituted grounds for granting relief from the stay under § 362(d)(1). (N.T. June 1, 1987). *See In re Keays*, 36 B.R. 1016 (Bankr.E.D. Pa.1984); *In re Frascatore*, 33 B.R. 687 (Bankr.E.D.Pa.1983).

On June 10, 1987, the debtor filed the present motion, and a hearing was held on June 23, 1987. On that day, after all of the available witnesses had testified, the creditor requested that the hearing be adjourned but not concluded. I agreed to do so and to keep the record open, but I limited the further evidence to two matters. *See* Order dated June 25, 1987. On June 23, 1987, the parties also agreed that the debtor's motion could be treated as one seeking reconsideration under Bankr.Rule 9023. This treatment obviated any need to

---

1. This memorandum opinion constitutes the court's findings of fact and conclusions of law pursuant to Bankr.Rule 9014 and 7052.

extend the time to appeal my June 1 order. *See, e.g., United States v. Rogers Transportation, Inc.*, 751 F.2d 635 (3d Cir.1985). The record was closed after an additional hearing held on July 24, 1987.

## II.

The evidence presented on the instant motion consisted of testimony from three witnesses plus various documents and admissions. Debtor's counsel testified that he neglected to note the June 1, 1987 hearing on his office calender or diary and thus failed to attend and failed to notify the debtor of the hearing. The debtor testified that he was behind in his postpetition payments but would bring them current shortly. He also testified that the real estate in question had both commercial and residential components. There are three apartments in the premises—one in which the debtor resides and two which he leases for a total monthly payment of $625.00. He also uses a portion of the commercial area for repair of refrigeration systems and rents the balance for $500.00 per month. (He offered no testimony about his monthly income from his repair services). The debtor also stated that he has listed this property for sale for $150,000.00 but had no offers at that price. He believed Mrs. May had a secured claim totaling $60,000.00.[2]

The creditor called a Mr. Friedman as an expert witness. He is a real estate broker who sold the property to the debtor in 1973 and who was familiar with its current exterior but not interior condition. He stated that the exterior of the premises was deteriorating. However, he could not testify as to the current value of the property because he could not use either the market approach, there being no comparable property sold recently, or the income approach, as there was no evidence and he had no knowledge of the debtor's expenses in connection with the property.[3]

■ Based upon the evidence of record, I find that the failure of debtor or his counsel to appear at the June 1, 1987 hearing was due to counsel's oversight. Counsel was aware of the hearing date but neglected to schedule it on his office calendars or to inform his secretary to do so; moreover he neglected to inform the debtor of the hearing date.[4] I also conclude that the debtor was behind in postpetition payments as of June 1, 1987. Based on these findings, I must consider whether the order granting relief from stay should be modified in any way.

## III.

Congress intended that bankruptcy courts have broad discretion in deciding whether to lift the automatic stay. *See In re Shariyf,* 68 B.R. 604, 606–607 (E.D.Pa. 1986). Courts have exercised this discretion by attempting to balance the legitimate rights of secured creditors, which include the right to receive adequate protection for their security interests, with the rights of debtors to cure prepetition mortgage delinquencies and thereby save their real estate from foreclosure. Thus, some courts have conditioned the debtor's retention of the protection provided by section

2. The creditor's proof of claim, filed July 16, 1987 lists the principal balance owing at $67,-846.91 plus additional charges of $3,801.83. No arrearage figure is disclosed despite the requirement of Local Bankr.Rule 3001.1(b)(2).

3. There was also various documentary evidence offered concerning the debtor's postpetition payments to his counsel and the trustee. I accept the creditor's assertion that, as of June 1, 1987, the debtor had failed to make all required postpetition payments. I reject the creditor's theory that debtor's counsel intentionally failed to appear at the June 1, 1987, hearing because he had not been paid by his client and that this motion reflects a later payment to counsel. Such an allegation, which represents a charge of unethical and unprofessional conduct against debtor's counsel, was unsubstantiated despite the creditor's review of the debtor's bank records, debtor's counsel's financial records, and debtor's counsel's diaries.

4. I accept debtor's counsel's assertion that he was unaware of the May 4, 1987 hearing date until creditor's counsel requested an extension. It appears that creditor's counsel may not have complied with Local Bankr.Rule 9014.1(d), (h), requiring service of the motion upon the debtor, his counsel and the chapter 13 trustee. However, as debtor's counsel has not raised the latter issue as a basis for denial of motion for relief from stay, I deem it waived.

362(a) upon his compliance with all postpetition mortgage obligations. *See, e.g., Matter of Melson*, 44 B.R. 454 (Bankr.D.Del. 1984); *In re Missimer*, 44 B.R. 219 (Bankr. E.D.Pa.1984). Where the debtor has a history of sporadic postpetition payments, which are made largely when a motion for relief from stay is filed, the continuation of the stay can be conditioned upon timely postpetition payments. *In re Marter*, 61 B.R. 271 (Bankr.E.D.Pa.1986). Implicit in holdings such as *Marter* is the concept that, when appropriate, bankruptcy courts may allow the debtor some leeway if postpetition payments are not made timely. Indeed, some courts have expressly held that, pursuant to 11 U.S.C. § 105(a), a stay against a secured lender may be reimposed, when appropriate, even after the automatic stay has been lifted in accordance with 11 U.S.C. § 362(d). *See, e.g., In re W.E. Tucker Oil, Inc.*, 42 B.R. 897, 898 (Bankr. W.D.Ark.1984); *In re Brusich & St. Pedro Jewelers, Inc.*, 28 B.R. 545, 549 (Bankr.E.D. Pa.1983); *In re Prime, Inc.*, 26 B.R. 556, 558–59 (Bankr.W.D.Mo.1983). In this district, an order granting relief from stay was vacated pursuant to Fed.R.Civ.P. 60(b)(6), (which is incorporated by Bankr. Rule 9024), due to a significant change in the debtor's circumstances which enabled him to adequately protect the mortgagee's interest. *In re Durkalec*, 21 B.R. 618 (Bankr.E.D.Pa.1982).

 To some extent, the current motion is a hybrid. In essence, the debtor requests that I both reimpose the stay by vacating my June 1, 1987 order and permit him to defend against the motion for relief. He argues that he meets the three part test articulated in this district for granting relief from default judgments. *See, e.g., In re Juil, Inc.*, 52 B.R. 343 (Bankr.E.D.Pa. 1985). I note, though, that I never entered an order by default; rather, I entered the order because Mrs. May met her evidentiary burden and the debtor—due to his failure to present any evidence—failed to meet his. Perhaps more accurately, the debtor's request may be viewed as one to allow him to present additional evidence, rather than to remove a default. Clearly, I have the discretion to grant such a request pursuant to Bankr.Rule 9023, which incorporates Fed.R.Civ.P. 59. *See* 6A *Moore's Federal Practice* ¶ 59.07 (2d ed. 1986).

 In granting the debtor's request, to reopen the record and reconsider the order granting relief from stay, I am influenced by a variety of factors. First, courts are reluctant to deprive litigants of decisions on the merits, *see, e.g., Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120 (3d Cir.1983) (in context of motion to reopen default judgment under Rule 60(b)), and, to some extent, the debtor's absence foreclosed full consideration of the section 362(d) issue on its merits. Secondly, in the interest of justice, courts should be careful not to allow parties to suffer due to the negligence or inadvertence of their counsel. *Jackson v. Beech*, 636 F.2d 831 (D.C.Cir. 1980); *cf. Dunbar v. Triangle Lumber and Supply Co.*, 816 F.2d 126 (3d Cir.1987) (court should be careful before allowing counsel's dereliction of duty to result in dismissal). Third, any prejudice to the creditor's interest can be prevented by reimposing a stay against the creditor only after the debtor has cured any postpetition delinquences, including any postpetition tax and insurance obligations, and by requiring the debtor to compensate the creditor for any expenses incurred in attending the June 1, 1987 hearing. Fourth, I reject the creditor's implicit position that there is no evidence which the debtor can present which justify denial of the motion for relief from the stay. The failure to make timely postpetition payments does not mandate relief under § 362(d)(1), although it is grounds for such relief. *E.g., In re Tashjian*, 72 B.R. 968, 973–74 (Bankr.E.D.Pa. 1987). By the hearing date, perhaps the debtor will be current postpetition; certainly, he testified that he would be. Moreover, the debtor may be able to show the existence of adequate protection in other ways, such as the existence of an equity cushion. *See, e.g., In re Mellor*, 734 F.2d 1396 (9th Cir.1984); *Commonwealth of Pennsylvania State Employees' Retirement Fund v. Roane*, 14 B.R. 542 (E.D.Pa. 1981); *In re Diaconx Corp.*, 69 B.R. 333 (Bankr.E.D.Pa.1987); *In re Liona Corp.*

*N.V.*, 68 B.R. 761 (Bankr.E.D.Pa.1987). While I do not accept the debtor's testimony on valuation, it is possible that he can still establish that there is significant equity in the property or that Mrs. May is adequately protected in some other manner. Finally, as stated earlier, I have the authority to reimpose the stay under § 105(a); I would only do so after notice and hearing. Were the debtor to request relief under § 105(a), the accompanying hearing would be functionally equivalent to the hearing held on the debtor's current request and I see no point in further delaying resolution of this dispute.

 Therefore, I will give the debtor the reconsideration hearing he requests. At the hearing, in fairness to Mrs. May who, when faced with no opposition in court on June 1, 1987, presented only part of her case, I will allow her to amplify her case in chief. For example, if she believes that the debtor's prior bankruptcy dismissal renders the current petition improper, *see* 11 U.S.C. § 109(g), she may present evidence in support of that position. For his part, the debtor will be free to meet his burden under section 362(d) in whatever manner he chooses.

 At the same time, however, I will require that the debtor pay $300.00 to reimburse Mrs. May for counsel fees and costs incurred in attending the June 1, 1987 hearing.[5] *See In re Dougherty*, 76 B.R. 410, (Bankr.E.D.Pa.1987). Moreover, I will not reimpose the stay upon the creditor pending reconsideration of the order granting Mrs. May relief from the automatic stay, based solely upon the debtor's assurance that he will soon become current postpetition. He must become fully current with both postpetition mortgage payments (including taxes and insurance), and with his plan payments to the trustee before I will issue an order restraining the creditor from proceeding in state court to enforce her rights under the mortgage.

An appropriate order will be entered.

5. The debtor has offered such reimbursement.

## ORDER

AND NOW, this 3 day of August, 1987, upon consideration of the debtor's motion for relief from judgment or order pursuant to Bankr.Rule 9024, the response thereto, the parties' agreement to treat the motion as one seeking reconsideration pursuant to Bankr.Rule 9023 and after notice and hearing, it is ORDERED that:

1. The motion is granted in part.

2. The court will reconsider the order entered June 1, 1987 granting Elizabeth May relief from the automatic stay.

3. A hearing on reconsideration will be held on September 1, 1987, at 10 A.M. in Bankruptcy Courtroom No. 1.

4. Notwithstanding paragraphs 2 and 3 above, the June 1, 1987 order shall remain in full force and effect. However, if the debtor makes sufficient payments so as to become fully current with his postpetition monthly mortgage payments to Mrs. May, his chapter 13 plan payments to the trustee and with his postpetition tax and insurance obligations and, after giving notice to Mrs. May, so certifies to the court, the court will issue an order staying Mrs. May from proceeding further to enforce the mortgage obligation pending a final determination on her motion for relief from the automatic stay.

5. Mrs. May is awarded expenses in the amount of $300.00 for the failure of debtor and his counsel to attend the June 1, 1987 hearing.