### In re Larry D. MANNINGS and Linda D. Mannings, Debtors.

### Bankruptcy No. 83 B 7500.

United States Bankruptcy Court, N.D. Illinois, E.D.

March 15, 1985.

Lee Scott Perres, Fisher & Fisher, Chicago, Ill., for creditor.

Reuben Miller, Chicago, Ill., for debtors.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

At issue in the present case is whether the court may approve over the objection of the mortgagee a modified Chapter 13 plan where the debtors ("the Mannings") have failed to make current mortgage payments, but have offered testimony that circumstances which prevented them from making timely mortgage payments have changed, and where the modification proposes increased payments to cure the post filing arrearages. For the reasons set forth in this memorandum the court will allow the debtor to modify the plan and "cram down" the modification over the objection of the secured creditor where the modification conforms to the section 1325(a)(5) of the Bankruptcy Code.

## FACTS

On January 21, 1983, the Mannings executed a note and first mortgage on their residence in favor of Fleet Mortgage Corp. (Fleet). Thereafter the Mannings made three payments to Fleet prior to filing their Chapter 13 petition on June 15, 1983. From the time of filing the petition, until August 1984, the Mannings made 7 of 15 mortgage payments which came due.

At the hearing on Fleet's motion to lift the stay, the debtor offered evidence that he had been unemployed for several months because of an injury, had been receiving no compensation during that period,

and was thus unable to maintain current mortgage payments. He testified further that he is again employed and therefore is able to cure the arrearage and make current mortgage payments.

Fleet has presented a motion to modify the automatic stay. The debtor proposes, on several alternative theories, to cure the arrearages by increasing payments to Fleet under the plan.

## DISCUSSION

The major thrust of Fleet's argument is that the Mannings' failure to maintain all current mortgage payments constitutes failure to provide Fleet adequate protection and entitles Fleet to immediate modification of the automatic stay. Fleet has cited several cases in support of its right to a modification of the automatic stay. *Ukrainian Sav. and Loan Ass'n v. Trident Corp.*, 22 B.R. 491 (E.D.Pa.1982); *Royal Bank of Pennsylvania v. Three Tuns, Inc.*, 35 B.R. 110 (Bankr.E.D.Pa. 1983). Fleet has also referred to the emphasis placed upon "current payments" by the bankruptcy court in *In re Simpkins*, 16 B.R. 956 (Bankr.E.D.Tenn.1982). Fleet has asserted in conclusory fashion that the present facts mandate a result different from that in *Simpkins*. This court disagrees with that bald conclusion.

■ There are several reasons why the court will not grant Fleet's motion to modify the automatic stay at this time. First, although the court agrees with the propositions of law stated in the cases on this point cited by Fleet, it is noted that the facts of the present case are not as favorable to Fleet's position as are the facts in the cited cases. In both cited cases, the debtors had failed to make any payments for a longer period of time than in the present case. Conversely, the Mannings have made some current payments (7 of 15) and have appeared in open court to explain the failure to make payments, have indicated that Mr. Mannings is again employed, and have proposed an amendment to the plan to cure the arrearages. Unlike the debtors in Fleet's cited cases, the Man-

nings have at least offered a reasonable arrangement to adequately protect Fleet's interest. The fact that Mr. Mannings is again employed supports the assertion that the debtors can provide the promised adequate protection under an amended plan. None of those circumstances was present in the cases cited by Fleet.

Legislative history of the automatic stay provision of the Bankruptcy Code indicates how crucial the facts of any situation are in determining whether a modification of the stay is appropriate. H.R.Rep. 95–595, 95th Cong., 1st Sess. 344 (1977) *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6300. Because the debtor has made some mortgage payments and has proposed a plan to cure arrearages, the court declines to modify the stay at this time.

■ Fleet argues that the modification provisions of section 1329 of the Bankruptcy Code cannot be used against a first mortgage holder. Section 1329 provides:

(a) At any time after confirmation of the plan but before completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was

due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

11 U.S.C. § 1329 (West 1984). The debtor herein seeks to modify the amount of the payments to Fleet. The applicable section, although not specified by the debtor, is apparently § 1329(a)(1) Fleet has asserted that this subsection applies only to unsecured claims which may be paid a percentage under the Chapter 13 plan. However, Fleet has cited no authority in support of that assertion and the court has found none. In fact, the Second Circuit in *Johnson v. Vanguard Holding Corp.*, 708 F.2d 865, 868 (2d Cir.1983) assumed in discussing refilings, that just such a modification would have been possible, even preferable, pursuant to the provisions of section 1329.[1] It should be noted that the *Johnson* case also involved a situation under which postpetition mortgage arrearages were the major problem. The court notes that the facts concerning the refiling are obviously distinguishable from those in the present case. However, the rationale underlying the court's statement appears valid in this situation as well.

■■■ This court is also aware of an uncritical assumption that post filing mortgage arrearages are postpetition debts which cannot be treated under a chapter 13 plan. Fleet cited *F.N.M.A. v. Moore*, 27 B.R. 673 (Bankr.S.D.Ohio 1982) in support of that proposition. The court does not find that point persuasive here. The debt in the mortgage situation arose at the time the mortgage and note were executed. Where that event was prepetition, mortgage payments are actually prepetition debts. A mortgage is to be distinguished

from, for example, purchasing a car after the filing. This court in no way premises its decision on section 1305 of the Code. Thus, modification of the plan is permissable even where contested by the secured creditor to the extent the modification meets the cram down requirements set forth in section 1325(a)(5) of the Bankruptcy Code. That subsection provides:

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

Again, Fleet asserts that "cram down" is not available to the debtor. Fleet cites no authority for that proposition. Actually, a contrary conclusion seems to follow since § 1329 provides that modifications must comport with section 1325. Again, although admittedly in *dicta*, the *Johnson* case seems to endorse such a result. The consequence is that under 1325(a)(5)(ii) the amended plan must provide "present value" to the secured creditor.

■■ This court's conclusion is premised in part upon the fact that in this situation, the debtor could apparently meet the criteria for refiling, including those set forth in

1. Lest this decision be interpreted as a judicial endorsement of successive filings, however, we point out that Congress did provide a statutory mechanism for modifying a confirmed Chapter 13 bankruptcy plan in just such circumstances as Johnson allegedly suffered. Section 1329 of Title 11 U.S.C. permits reducing the amount of payments, extending the time for payments, or even changing the amount due a particular creditor, on proper petition and showing. As the legislative history makes clear, if problems such as a long-term layoff or family illness and

medical bills make execution of a confirmed plan impracticable, the Act even permits a temporary moratorium on payments. H.R.Rep. No. 595, 95th Cong., 2d Sess. 125, *reprinted in* 1978 U.S.Code Cong. & Ad.News, 5787, 5963, 6086. There is no doubt that Johnson's counsel ignored this statutory modification process; instead, after default on the first repayment plan, he did not oppose its dismissal, and then refiled close on the heels of the foreclosure proceeding. *Johnson*, 708 F.2d at 868.

section 109(f) of the Code.[2] At least in cases like the present one, the court will allow a debtor situated similarly to the Mannings to amend a Chapter 13 plan to treat mortgage arrearages under the amended plan, rather than force a refiling. Relevant considerations here include best interest of all creditors and the debtor, as well as judicial economy. (That is not to say that the court means to imply that it is utilizing the "best interest of creditors test" or "balancing of interest tests." Those do not apply to the current facts.

■ Fleet may have chosen the wrong set of facts upon which to proceed with this issue. Contrary to Fleet's assertion that the debtor made no showing of good faith, representations were made on the record which indicated that the Mannings had made some payments, and that regular payments were impossible because Mr. Mannings was injured and unemployed. Facts were also adduced to the effect that since he was again employed, he will be able to maintain current payments in the future.

■ Fleet also asserts without supporting authority that to permit an amendment of the plan is to allow an impermissable modification of Fleet's rights. That is not what was contemplated by section 1322(b)(2). It has been held that to cure mortgage arrearages or defaults after judgment is not such a modification. *Matter of Clark*, 738 F.2d 869, 872 (7th Cir. 1984); *Grubbs v. Houston First American Savings Association*, 730 F.2d 236 (5th Cir. 1984) (*en banc*).

Finally, the court finds that the debtor's attempt to categorize the debt as a consumer debt is not valid and in no way premises its decision on that argument. In fact the legislative history indicates the opposite conclusion. 124 Cong.Rec.H. 11,090 (daily ed. Sept. 28, 1978): S. 17,406 (daily ed. Oct. 6, 1978).

**CONCLUSION**

The court declines to modify the automatic stay at this time because the Mannings have made some current payments and have made a proposal to cure arrearages and have offered evidence that they will be able to cure arrearages in the future.

Additionally, the debtor may modify the plan under 1329(a) as regards a secured creditor so long as the modification meets the cram down requirements of section 1325(a)(5). Thus, the proposed modification will be allowed and the debtors' motion granted.

SO ORDERED.

**2.** (f) Notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

    (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

    (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(f) (West 1984).