In re Samuel **SHARIYF**, a/k/a Samuel Smith, Debtor-Appellant.

Bankruptcy No. 86–00482K.
Civ. A. No. 86–3042.

United States District Court,
E.D. Pennsylvania.

Dec. 16, 1986.

Gloria M. Gilman, Philadelphia, Pa., for debtor-appellant.

Sheldon Jelin, Philadelphia, Pa., for Federal Nat. Mortg. Ass'n.

MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

This is an appeal from the order dated April 2, 1986, issued by United States Bankruptcy Judge William A. King, Jr. In this order, Judge King granted the appellee, Federal National Mortgage Association's (FNMA), motion, pursuant to 11 U.S.C. § 362(d), to modify the automatic stay of all judicial, administrative or other proceedings against the debtor and appellant, Samuel Shariyf.

FNMA is the holder of a mortgage on the appellant's residence located at 7810 Williams Avenue, Philadelphia, Pennsylvania. Appellee's Brief at 3. In October of 1983, FNMA instituted an action in mortgage foreclosure against Mr. Shariyf for failure to make payments due on the mortgage. On June 24, 1985, seven days before his house was scheduled to be auctioned off at a sheriff's sale, Mr. Shariyf filed a petition under Chapter 13 of the Bankruptcy Code. *Id.* This filing resulted in the automatic stay of the foreclosure proceedings pursuant to 11 U.S.C. § 362(a). In accordance with standard bankruptcy practice a reorganization plan was formulated. The trustee in bankruptcy, James J. O'Connell, however, recommended dismissal of the bankruptcy action in light of the fact that "[p]ayments provided for by the (bankruptcy) plan are not being made", Standing Trustee's Motion for Dismissal at 1, and the fact that the "plan does not appear feasible." *Id.*

Judge King, on December 12, 1985, granted this motion and dismissed Mr. Shariyf's bankruptcy action. Mr. Shariyf, however, on January 31, 1986, filed a second Chapter 13 bankruptcy petition resulting in a second automatic stay of foreclosure proceedings. On February 26, 1986, FNMA filed a motion, pursuant to 11 U.S.C. § 362(d),[1] to modify this automatic stay of proceedings. FNMA alleged that the appellant had violated § 109(f)[2] of the Bankruptcy Code and requested the Bankruptcy Court "to grant relief from the stay of proceedings for cause." Appellee's Motion to Modify the Stay of Proceedings Under Section 362(d) at 2. Judge King granted this motion, vacated the stay and permitted FNMA to proceed with the foreclosure action. This decision by Judge King has now been appealed to this court by Mr. Shariyf in accordance with 28 U.S.C. § 158(a).

Mr. Shariyf alleges that Judge King's order dated April 2, 1986, should be reversed since: (1) the moving party (FNMA) failed to meet its burden to show cause for relief from the automatic stay, (2) the bankruptcy court erred by not receiving evidence and thereby making findings of fact, and (3) a violation of § 109(f) does not empower a bankruptcy court to modify the § 362(a) automatic stay. Appellant's Brief at 2.

Before discussing each of these allegations of error it is important to note our scope of review in this matter. Since § 362(d) "commits the decision of whether to lift the stay to the discretion of the bankruptcy judge, his decision may be overturned *only upon a showing of abuse of discretion." Matter of Holtkamp,* 669 F.2d 505 (7th Cir.1982) (emphasis added). "Discretion, ... is abused when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that *discretion is abused only where no reasonable man would take the view adopted*

---

1. 11 U.S.C. § 362(d) provides in pertinent part:

    (d) On request of a party in interest and after notice and a hearing, *the court shall grant relief from the stay provided under subsection (a) of this section,* such as terminating, annulling, modifying, or conditioning such stay—

    (1) *for cause,* including the lack of adequate protection of an interest in property of such party in interest.

*Id.* (emphasis added).

2. 11 U.S.C. § 109(f) provides in pertinent part:

    No individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if (1) the case was dismissed by the court for *willful failure of the debtor to abide by Orders of the court....*

*Id.* (emphasis added).

*by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion."* Lindy Bros. Builders, Inc. v. Am. Radiator, etc., 540 F.2d 102, 115 (3d Cir.1976) (*quoting Delno v. Market St. Ry.,* 124 F.2d 965, 967 (9th Cir.1942) (emphasis added).

As noted above FNMA in its motion for modification of the automatic stay alleged that Mr. Shariyf violated § 109(f) of the Bankruptcy Code and that this violation constituted "cause" justifying modification of the stay under § 362(d). Appellant Shariyf, however, alleges on appeal that FNMA did not establish that Mr. Shariyf acted with a "fraudulent intent" which is required for a violation of § 109(f) to be found. This allegation is without merit.

■ The appellant incorrectly assumes that Judge King granted the modification of the stay after concluding that the appellant had violated § 109(f). For the following reasons I find that Judge King found "cause" to vacate the automatic stay under § 362(d) not because § 109(f) was violated, but rather because appellant *unintentionally* failed to comply with the bankruptcy procedures which resulted in numerous delays in the proceedings.

Section 109(f) calls for (1) the *dismissal* of a debtor in a bankruptcy action if a court concludes (2) that the debtor has *willfully violated* a court order. *See supra* note 2. Judge King, however, did not dismiss appellant's bankruptcy action but merely vacated the automatic stay of proceedings. Furthermore, Judge King in concluding that "cause" existed found that appellant Shariyf was *not* acting with fraudulent intent. More specifically Judge King stated:

It seems to me that there is some cause here. Cause is not defined in 362, but it seems to me that where you have a debtor *who certainly is struggling and trying to do the best he can in the*

situation, files, dismisses, and re-files, he is the gainer and the mortgage company is the loser. They are caught in this filing, no filing, and they are not getting paid, apparently.

Transcript of Hearing on Motion for Modification of the Automatic Stay at 8, 9 (emphasis added). Judge King also made no mention of a violation of § 109(f) in the order vacating the automatic stay.[3] For these reasons I conclude that Judge King's finding of "cause" was based on Mr. Shariyf's unintentional noncompliance with the prior bankruptcy proceedings and not on a violation of § 109(f). To reverse the order modifying the stay, I must find that Judge King abused his discretion in making this decision.

■ Bankruptcy courts presented with similar factual situations have both permitted modification or vacation of the stay and have also denied requests for a modification or vacation of the automatic stay.

In *In re Three Tuns, Inc.,* 35 B.R. 110 (Bkrtcy.1983), a motion for relief from the automatic stay was filed with the court. The petitioner in support of this motion established that the debtor had failed to make periodic payments on a $400,000 mortgage for over nineteen months. Judge Goldhaber, noting this failure to make payments, granted petitioner relief from the automatic stay. In our present case appellant Shariyf, before he filed for bankruptcy, had allegedly failed to make mortgage payments to the appellee for over two years. Appellee's Brief at 7.

In *In re Mannings,* 47 B.R. 318 (Bkrtcy. 1985), a motion for modification of the automatic stay was denied by Judge Eisen even though the debtor had failed to make payments in accordance with the bankruptcy plan. Judge Eisen concluded that the debtors' allegations that circumstances which had prevented them from making payments under the plan had changed, war-

3. Judge King did discuss dismissing the case for a violation of § 109 but realized that this would further delay the proceedings. Transcript of Hearing on Motion to Modify Automatic Stay at 4.

ranted denial of the motion to modify the stay.

Finally, in *In re Frascatore*, 33 B.R. 687 (Bkrtcy.1983), Judge Goldhaber granted a motion to modify an automatic stay permitting foreclosure proceedings to go forward. Judge Goldhaber based his decision on the fact that the debtor had made only two mortgage payments in the last eleven months.

In light of these various decisions, it does appear that reasonable men could differ as to the propriety of granting a modification to the automatic stay in the instant case. Therefore, it *cannot* be said that reasonable men would not take the position adopted by Judge King. In light of the applicable scope of review discussed above, I find that Judge King did not abuse his discretion in finding that appellant's unintentional noncompliance with the prior bankruptcy proceedings constituted "cause" under § 362(d).

Appellant Shariyf next alleges that the bankruptcy court acted improperly by granting FNMA's motion to modify the automatic stay without considering evidence offered by the appellant and without making findings of fact. More specifically appellant alleges that Judge King violated Bankruptcy Rule 7052 which makes Fed.R. Civ.P. 52 applicable in all adversarial proceedings.[4] This allegation is without merit.

Bankruptcy Rule 7001 defines the term, adversary proceeding, in significant detail but it fails to mention a hearing held to analyze the merits of a motion for modi-fication of an automatic stay.[5] Furthermore, § 362(e) of the Bankruptcy Code mandates that a hearing be held whenever a § 362(d) motion is made. Judge King fully complied with this mandate by holding a hearing on this matter on April 2, 1986. I find that the court was not required to make findings of fact since the hearing held before Judge King was not an adversary proceeding as defined in Rule 7001. Furthermore, even if it had been considered an adversary proceeding, the hearing held before Judge King and his oral conclusions stated at that time satisfied Fed.R.Civ.P. 52(a) and § 362(e) of the Bankruptcy Code.

Finally, appellant Shariyf alleges that the modification of an automatic stay is an improper remedy for violation of § 109(f). Mr. Shariyf argues that a violation of § 109 precludes one from being a debtor in a bankruptcy proceeding but does not, however, empower a bankruptcy court to modify an automatic stay. This reasoning, although possibly correct, is irrelevant. I have already determined that Judge King did not base his decision to vacate the automatic stay on a finding of a violation of § 109(f). For the above reasons, appellant Shariyf's appeal from the bankruptcy court's order dated April 2, 1986 is dismissed.

---

**4.** Fed.R.Civ.P. 52 provides in pertinent part:

**(a) Effect.** In all actions tried upon the facts without a jury or with an advisory jury, *the court shall find the facts specially* and state separately its conclusions of law thereon

\* \* \* \* \* \*

*It will be sufficient if the findings of fact and conclusions of law are stated orally* and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

*Id.* (emphasis added).

**5.** Specifically Rule 7001 states:

An adversary proceeding is.... [a] proceeding in a bankruptcy court (1) to recover money or property, except a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002, (2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), (3) to obtain approval pursuant to § 363(h) for the sale of both the interest of the estate and of a co-owner in the property, (4) to object to or revoke a discharge, (5) to revoke an order of confirmation of a chapter 11 or chapter 13 plan, (6) to determine the dischargeability of a debt, (7) to obtain an injunction or other equitable relief, (8) to subordinate any allowed claim or interest, except when subordination is provided in chapter 9, 11, or 13 plan, (9) to obtain a declaratory judgment relating to any of the foregoing, or (10) to determine a claim or cause of action removed to a bankruptcy court.