**In re Lois J. BAILEY, Debtor.**

**METMOR FINANCIAL, INC., Appellant,**

v.

**Lois J. BAILEY, Appellee.**

**No. 87–2042–4A.**

**Bankruptcy No. 83–20623–K.**

United States District Court,
W.D. Tennessee, W.D.

Aug. 26, 1988.

Edward G. Schloss, Los Angeles, Cal., David C. Doten, Jr., Memphis, Tenn., for appellant.

Benjamin T. Wages, Memphis, Tenn., for appellee.

## JUDGMENT AFFIRMING BANKRUPTCY COURT ORDER REINSTATING THE AUTOMATIC STAY

McRAE, Senior District Judge.

This is an appeal from an order of the bankruptcy court reinstating an automatic stay. This Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(a). Appellant, Metmor Financial, Inc. ("Metmor") successfully moved the Bankruptcy Court to lift the automatic stay imposed by the filing of a Chapter 13 bankruptcy by debtor, Lois Bailey. Upon motion by debtor, the automatic stay was reinstated on October 10, 1986. Appellant now appeals the order reinstating the automatic stay.

Debtor filed a Chapter 13 bankruptcy on January 25, 1983. The Chapter 13 plan, confirmed April 11, 1983, called for continued monthly payments to be made to Metmor, the holder of a deed of trust in debtor's principal residence. After three years under the plan, debtor had become over twenty payments behind. Metmor's post confirmation proof of claim was $4,066.30. Metmor filed a motion with the bankruptcy court seeking relief from the automatic stay, so that Metmor could foreclose on the property. The Bankruptcy Court allowed the debtor 25 days in which to find refinancing for her residence. No such refinancing was obtained; therefore the stay was no longer in effect.

To prevent foreclosure on the property, debtor filed a motion to reinstate the automatic stay. An order reinstating the automatic stay has the effect of vacating the previous order granting relief from the stay, and thus, as provided by Bankr.Rule 9024, Rule 60 of the Federal Rules of Civil Procedure governs its determination. Clause six of Rule 60(b) is very broad and gives courts ample power to set aside judgments or orders whenever appropriate to accomplish justice. *Klapprott v. United States,* 335 U.S. 601, 614, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949). Hence, changed circumstances may warrant the vacating of an order.

In deciding a motion for relief from an order under Rule 60(b), the court is given much discretion. *Bank of Montreal v. Olafsson,* 648 F.2d 1078, 1079 (6th Cir. 1981), *cert. denied,* 454 U.S. 1084, 102 S.Ct. 641, 70 L.Ed.2d 619 (1981). An appellate court should not disturb a court's decision under Rule 60(b) unless there has been an abuse of discretion. *Id.* This allotment of discretion to the bankruptcy court is consistent with the clearly erroneous standard under which the district court must review factual findings by a bankruptcy court. *In re Calhoun,* 715 F.2d 1103, 1111 (6th Cir. 1983). Conclusions of law are, however,

subject to a de novo review. *In re American Mariner Industries, Inc.,* 734 F.2d 426, 429 (9th Cir.1984).

■ In granting debtor's motion to reinstate the automatic stay, the Bankruptcy Court found that extenuating circumstances existed. The Bankruptcy Court found, for example, that debtor had been off work due to illness, that her minor daughter had continuing kidney problems, and four members of debtor's family had died since filing of the bankruptcy. The Bankruptcy Court further found:

> To compound the problems, Mrs. Bailey's home mortgage has been held by four different entities. Some confusion regarding her payments has existed. Mrs. Bailey is still not exactly sure what the arrearage amount is. Indeed, confusion even existed as to the exact amount of the monthly mortgage payments. Information requested by Mrs. Bailey from Metmor and its predecessors has not always been timely provided.

> Bankruptcy Court Order on Motion to Reinstate Automatic Stay ("Order"), p. 8 (October 10, 1986).

It appears from these facts that the Bankruptcy Court did not abuse its discretion in reinstating the automatic stay.

Appellant contends because there was sufficient cause to grant relief from the automatic stay, the Bankruptcy Court erred in granting the reinstatement of the automatic stay. The bankruptcy court agreed with appellant as to sufficient cause to grant relief from the stay, and at the time the motion for relief was filed, the Bankruptcy Court granted the motion. However, whether cause existed for the initial order is a distinct issue from whether to vacate the order under Rule 60(b)(6). Despite the justification for the order granting relief from the stay at the onset, the Bankruptcy Court found that the extenuating circumstances warranted the vacating of the order.

Appellant further contends that in ordering the reinstatement of the automatic stay, the Bankruptcy Court impermissibly modified the Chapter 13 plan. In reinstating the automatic stay, the Bankruptcy Court order provided for the debtor to make a lump sum payment of $1,000 to the trustee, to be paid to Metmor, as well as making double payments to Metmor for the duration of the plan. Appellant contends the order constitutes a modification of the plan which extends payments over a period longer than the five-year maximum time allowed under 11 U.S.C. § 1329(c). It is appellant's contention that even should debtor pay the $1,000 lump sum and make double payments over the rest of the term of the plan as the order provides, the arrearage would still not become current. This Court disagrees.

At the time of the order reinstating the automatic stay, debtor was in arrears $4,066.30. There were 18 months left on the plan, and debtor was to pay $190 per month toward the arrearage. Order, p. 4. Adding the monthly payments to the initial $1,000 payment which the order required, would yield $4,420. The total arrearage plus 10% interest, as mandated by the bankruptcy court order, amounts to $4,306.79.[1] Thus, successful completion of payments under the order would have made the arrearage current before the end of the 18-month period.

The $1,000 initial payment was made by debtor to the trustee as required by the plan. However, the trustee used the $1,000 to pay unsecured creditors, debtor's arrearage to Metmor is still not current. However, if the money had been disbursed pursuant to the Bankruptcy Court's order, the arrearage would have been current within the 18-month period left under the plan. Therefore, it cannot be said that the Bankruptcy Court's order reinstating the automatic stay modified the plan to provide for payments extending beyond the five-year maximum limit.

---

1. This figure was obtained by subtracting the $1,000 initial payment from the balance, leaving an arrearages of $3,066.30 to be paid over 18 months at 10% interest per annum. The interest rate was only applied to the outstanding balance after each monthly installment of $190.00.

■ Finally, appellant contends that in reinstating the automatic stay, the Bankruptcy Court improperly modified the rights of a holder of a security interest in debtor's principal residence in violation of 11 U.S.C. § 1322(b)(2) which states in part: "... the plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence...." This section of the Code was intended to ensure that a plan preserved the size and timeliness of the monthly payments originally contemplated under the terms of the debt. *In re Seidel*, 752 F.2d 1382, 1385 (9th Cir.1985). Appellant cites *Seidel* as support in the present case. In *Seidel*, the court stated that reducing the amount of regular post-petition installment payments would modify the rights of a secured creditor in violation of § 1322(b)(2). *Id.* at 1384. In the present case, the Bankruptcy Court order did not seek to modify the secured creditor's rights by reducing the amount of the payments; instead, the Bankruptcy Court tried to cure the arrearages by ordering double payments and a significant lump sum payment. This was not a modification, rather, it was an attempt to cure the post confirmation arrearages. Under 11 U.S.C. § 1322(b)(5), "the bankruptcy court may in the exercise of its equitable discretion give the debtor time in which to bring post petition arrearages current." *In re Parker*, 46 B.R. 106, 108 fn. 1 (Bankr.N.D.Ga.1985).[2]

Even if the Bankruptcy Court order was interpreted as a modification of the Chapter 13 plan, there is law to suggest that in appropriate cases, Chapter 13 debtors may modify confirmed plans in order to pay off a post confirmation arrearage over the term of the plan. See *In re Mannings*, 47 B.R. 318 (Bankr.N.D.Ill.1985).

At the time the automatic stay was reinstated, debtor was over $4,000 in arrears to Metmor. At present, debtor is just over $600 in arrears, and if payments are continued on the present schedule, debtor will be current within four months. As the Bankruptcy Court noted, debtor has not filed any prior bankruptcy cases, and Metmor will eventually be fully compensated, including lost opportunity costs. In *Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966), the Supreme Court stated, "There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." To overrule the Bankruptcy Court and order the stay lifted, thus enabling Metmor to foreclose on debtor's home, after debtor has made up over $3,000 of the arrearages, would be inequitable.

For the above-stated reasons, the Bankruptcy Court order reinstating the automatic stay is affirmed.

IT IS SO ORDERED.

---

2. Appellant's brief cites *Parker* as support for its case. However, appellant fails to complete the sentence which his brief quotes, which would have shown that the *Parker* court was in favor of granting a bankruptcy court discretion to give a debtor time to cure post-petition arrearages.