**In re Sylvester HARRIS; and Minnie Harris, Debtors.**

**Sylvester Harris; and Minnie Harris, Plaintiffs,**

**v.**

**Washington Mutual Home Loans, Inc., Defendant,**

**Washington Mutual Home Loans, Inc., Appellant,**

**v.**

**Sylvester Harris; and Minnie Harris, Appellees.**

**Bankruptcy No. 96–43714.**
**Nos. 1:03MC8–D, 1:03CV599–D.**
**Adversary No. 02–1220.**

United States District Court,
N.D. Mississippi,
Eastern Division.

June 2, 2004.

Harold J. Barkley, Jr., Jackson, MS, for Plaintiff/Appellee.

William H. Leech, McGlinchey Stafford, Jackson, MS, for Defendant/appellant.

Steve Olen, Mobile, AL, for Plaintiff/appellee.

Anthony J. Rollo, McGlinchey Stafford, New Orleans, LA, for Defendant/appellant.

*OPINION AFFIRMING ORDER OF BANKRUPTCY COURT AND DENYING MOTION TO WITHDRAW REFERENCE*

DAVIDSON, Chief Judge.

This matter comes before the court on appeal from the United States Bankruptcy Court for the Northern District of Mississippi. The Defendant/Appellant, Washington Mutual Home Loans, Inc. ("Washington Mutual" or "the Defendant"), appeals a July 3, 2003, order of the Bankruptcy Court that denied Washington Mutual's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; Washington Mutual has also filed a motion seeking to have the court withdraw its reference of this case to the Bankruptcy Court.

Upon due consideration, the court finds that the Bankruptcy Court properly denied Washington Mutual's motion to dismiss. Accordingly, the Bankruptcy Court's July 3, 2003, order shall be affirmed; the court further finds that Washington Mutual's motion to withdraw the reference should be denied.

*A. Factual and Procedural Background*

On September 23, 1996, the Plaintiffs filed a petition with the United States Bankruptcy Court for the Northern District of Mississippi, seeking protection pursuant to Chapter 13 of the Bankruptcy Code. The Plaintiffs subsequently, on November 5, 2002, filed a putative class action complaint against Washington Mutual, alleging that Washington Mutual unlawfully assessed the Plaintiffs late fees on the Plaintiffs' home mortgage while the Plaintiffs' bankruptcy case was pending and they were making their mortgage payments to the Chapter 13 Bankruptcy Trustee. The Plaintiffs filed an amended class action complaint on January 7, 2003, and moved for class certification on January 21, 2003. Washington Mutual subsequently filed a motion to dismiss the Plaintiffs' class action complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Bankruptcy Court denied Washington Mutual's motion to dismiss in a July 3, 2003, opinion and order. *In re Harris*, 297 B.R. 61 (Bankr.N.D.Miss. 2003). Washington Mutual has now appealed the Bankruptcy Court's order and moved to withdraw the reference.

*B. Standard of Review*

This court has appellate jurisdiction over appeals from the bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in pertinent part:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees, ... and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under Section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

The court reviews the Bankruptcy Court's findings of fact under the clearly erroneous standard, while conclusions of law are reviewed de novo. *Smith v. Associates Comm. Corp. (In re Clark Pipe & Supply Co.)*, 893 F.2d 693, 697–98 (5th Cir.1990); *Mississippi State Tax Comm'n v. Superior Boat Works, Inc. (In re Superior Boat Works, Inc.)*, 246 B.R. 259, 261 (N.D.Miss.2000); Fed. R. Bankr.P. 8013.

As for Washington Mutual's motion to withdraw the reference, there are two methods by which a court withdraws its reference of a case to Bankruptcy Court. The first is mandatory withdrawal and the second is permissive withdrawal. As for

mandatory withdrawal, 28 U.S.C. § 157(d) provides that:

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on a timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Under Section 157(d), a district court must withdraw its reference of a case to the bankruptcy court provided that (i) the proceeding in the bankruptcy court involves a substantial and material question of non-Bankruptcy Code federal law, (ii) the non-Bankruptcy Code federal law has more than a *de minimis* effect on interstate commerce, and (iii) a motion for withdrawal of the reference has been timely filed.

■ As for permissive withdrawal, the court must consider the following factors:

(1) whether the subject claim is core or non-core;

(2) the most efficient use of judicial resources;

(3) the length of any potential delay and the cost to the parties of that delay;

(4) whether withdrawal will promote uniformity of bankruptcy administration,

(5) whether the party seeking withdrawal of the reference is engaging in forum shopping; and

(6) other related factors.

*Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985); *In re Burger Boys, Inc.,* 94 F.3d 755, 762 (2nd Cir.1996).

### C. Discussion

#### 1. The Bankruptcy Court's July 3, 2003, Opinion and Order

In their class action complaint, the Plaintiffs allege that Washington Mutual assessed them late payment fees while the Plaintiffs were in bankruptcy and making their mortgage loan payments to the Chapter 13 Trustee. The Plaintiffs allege that these late fee assessments constitute violations of the Bankruptcy Code, and were not properly disclosed to or approved by the Bankruptcy Court. The Plaintiffs' putative class consists of:

> All individuals who have filed a Chapter 13 bankruptcy petition and against whom Defendant has claimed, charged and/or assessed as part of the amount due pursuant to a consumer loan, a late charge, late fee or any similar charge or fee, which increases the amount claimed to be due from an individual, which was assessed, directly or indirectly, after the filing of a bankruptcy petition, on occasions when said individuals made their plan payments to the Chapter 13 trustee . . .

*See* Complaint at ¶ 10.

The Defendant filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure in the Bankruptcy Court on February 4, 2003. On July 3, 2003, the Bankruptcy Court entered an opinion and order denying the Defendant's motion to dismiss. *In re Harris,* 297 B.R. 61 (Bankr.N.D.Miss.2003). The Defendant has now appealed the Bankruptcy Court's ruling to this court and moved to withdraw the reference. In so doing, the Defendant asserts that the Bankruptcy Court erred in four respects:

(1) by failing to find that Section 1322(b)(2) of the Bankruptcy Code exonerates the Defendant's alleged assessment of late fees;

(2) by finding that a private right of action lies for alleged violations of Section 1322(b)(5) of the Bankruptcy Code;

(3) by failing to find that a previously-entered agreed order resolving certain post-confirmation arrearages serves to bar the present action under the principle of *res judicata;* and

(4) by failing to strike the Plaintiffs' allegations that the alleged assessment of late fees violates Sections 1322(a)(1), 1322(b)(5), 1326(c), and 1327(a) of the Bankruptcy Code.

■ The court shall consider these arguments in turn, but as an initial matter, the court notes that a movant seeking to have a claim dismissed under Rule 12(b)(6) faces an extremely high burden: before granting such a motion, the court must (i) exclude all outside matters and consider only the pleadings, (ii) take the facts alleged in the complaint as true, and (iii) find that the Defendant has shown that "it appears certain that the plaintiff[s] cannot prove any set of facts that would entitle [them] to the relief [they] seek." *See CC. Port, Ltd. v. Davis–Penn Mortgage Co.,* 61 F.3d 288, 289 (5th Cir.1995).

### a. Section 1322(b)(2) of the Bankruptcy Code

■ The Defendant first contends that the Bankruptcy Court erred "by failing to find that Section 1322(b)(2) of the Bankruptcy Code exonerates Washington Mutual's alleged assessment of late fees." Section 1322(b)(2) provides that:

(b) Subject to subsections (a) and (c) of this section, the [bankruptcy] plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

11 U.S.C. § 1322(b)(2). The Defendant asserts that this provision insulates it as a matter of law from liability for assessing late fees because the provision states that a plan may only modify the rights of secured creditors whose claims are not secured by real property; and the Defendant's claim here is secured by real property.

The Bankruptcy Court found that the protection that can be claimed by mortgagees such as the Defendant under Section 1322(b)(2) is expressly subordinated to the rights of debtors, such as the Plaintiffs, to maintain mortgage payments through a Chapter 13 plan, pursuant to Section 1322(b)(5). *See Harris,* 297 B.R. at 68–69. Section 1322(b)(5) of the Bankruptcy Code provides that:

(5) *notwithstanding paragraph (2) of this subsection [Section 1322(b)(2)],* [a plan may] provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5) (emphasis added). The Bankruptcy Court further found that Section 1322(b)(2) does not authorize mortgagees such as the Defendant to penalize debtors for mortgage payments received from the Chapter 13 Trustee after the "due date." *See Harris,* 297 B.R. at 68–69.

In making these rulings, the Bankruptcy Court reiterated the heavy burden placed on movants under Rule 12(b)(6) and pointed out the plain language contained in Section 1322(b)(5) that "notwithstanding paragraph (2) of this subsection," a plan

may provide for the curing of *any* default; Paragraph (2) is the section the Defendant relies on in its argument. The Bankruptcy Court summed up its ruling by noting that, in Section 1322(b)(5), Congress clearly intended to allow Chapter 13 debtors to cure arrearages within a reasonable time while making regular payments to the Trustee, notwithstanding the requirements and exceptions set forth in Section 1322(b)(2); a clear statement that Section 5 supercedes Section 2. *See Harris,* 297 B.R. at 69.

This court, keeping in mind the Defendant's burden and the posture of this case, agrees with the Bankruptcy Court and finds that the Defendant's assertion of error is without merit. The plain language of Section 1322(b)(5) makes clear that debtors may cure within a reasonable period of time, despite Section 1322(b)(2)'s excepting claims such as this from modification by the trustee.

### b. Section 1322(b)(5) of the Bankruptcy Code

■ The Defendant's next assignment of error concerns its argument that the Bankruptcy Court erred "in finding that a private right of action lies for the alleged violation of § 1322(b)(5) pursuant to 11 U.S.C. § 105(a)." Section 105(a) of the Bankruptcy Code provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). The Bankruptcy Court found that Section 105(a) empowers it to address the Defendant's alleged violations of Section 1322(b)(5). *Harris,* 297

B.R. at 71. In so finding, the Bankruptcy Court cited a recent First Circuit opinion, *Bessette v. Avco Fin. Services, Inc.,* 230 F.3d 439 (1st Cir.2000). In *Bessette,* the court found that "[s]ection 105(a) empowers the bankruptcy court to exercise its equitable powers—where 'necessary' or 'appropriate'—to facilitate the implementation of other Bankruptcy Code provisions." *Bessette,* 230 F.3d at 444. In addition, the Fifth Circuit has held that:

> [t]he language of this provision [Section 105(a) ] is unambiguous. Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code. We find that an order, such as the one entered by the bankruptcy court, which compensates a debtor for damages suffered as a result of a creditor's violation of a post-confirmation injunction under 11 U.S.C. § 1141, was both necessary and appropriate to carry out the provisions of the bankruptcy code.

*Matter of Terrebonne Fuel and Lube, Inc.,* 108 F.3d 609, 613 (5th Cir.1997).

This court agrees with the Bankruptcy Court's ruling that Section 105(a) empowers it to afford relief to the Plaintiffs if and when the Bankruptcy Court finds that the Defendant has violated Section 1322(b)(5). It is important to note that no such determination has yet been made, but at this stage of the proceedings and when considering a motion to dismiss under Rule 12(b)(6), the court must assume that the Plaintiffs' allegations are true. Thus, the court finds that this assertion of error is without merit.

### c. *Res Judicata*

The Defendant's next asserted ground of error is that the Bankruptcy Court "erred in failing to find that a previously-entered

agreed order resolving all post-confirmation arrearages serves as *res judicata,* barring Plaintiff's case." The subject order was entered into by the parties on September 7, 2001, and provides that:

> any arrearage shall not be ruled to be paid through Debtor's bankruptcy plan, but shall be attached at the end of the Debtor's mortgage, with the terms of the note altered to pay $585.99 per month until the arrearage is paid.

The Bankruptcy Court made short work of the Defendant's argument because documents preceding the subject order shed light on the intent of the order and indicate that the "arrearage" discussed in the order pertains to arrearages resulting from the assessment of property taxes and homeowners' insurance, not due to late fees. *Harris,* 297 B.R. at 67. Thus, the Bankruptcy Court found that the principle of res judicata was inapplicable to the facts of this case.

■ In order for *res judicata* to apply, the following four requirements must be met:

(1) the parties must be identical in both the prior action and the present action;

(2) the judgment in the prior action must have been rendered by a court of competent jurisdiction;

(3) the prior action must have concluded with a final judgment on the merits; and

(4) the same claim or cause of action must be involved in both actions.

*Brooks v. Raymond Dugat Co. LC,* 336 F.3d 360, 362 (5th Cir.2003).

■ The court agrees with the Bankruptcy Court's reasoning and thus affirms its ruling on the issue of res judicata. The subject order was the final document in a series of letters and orders concerning the subject of arrearages and nowhere in that correspondence was the subject of late fees mentioned. Instead, the Defendant has seized upon the fact that the subject order uses the term "any arrearage" to imply that the Plaintiffs' cause of action is barred as res judicata. At this stage of the proceedings and pursuant to Rule 12(b)(6), however, the court finds that the Defendant has failed to sufficiently establish that the Plaintiffs' claims are barred by res judicata. This asserted ground for error, therefore, is without merit and shall be denied.

### d. The Defendant's Motion to Strike

■ Finally, the Defendant asserts that the Bankruptcy Court erred in failing to grant the Defendant's motion seeking to strike the Plaintiffs' allegations that the assessment of late fees violate the Bankruptcy Code. Because the Plaintiffs' complaint obviously seeks relief concerning the alleged unlawful assessment of late fees, the court finds, as did the Bankruptcy Court, that the Defendant's motion to strike should be denied. See, e.g., *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 434–35 (5th Cir.2000) (holding that "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision ... [the] form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim."). The court deems the Plaintiffs' allegations to be sufficient, and therefore affirms the Bankruptcy Court's ruling on this issue.

### 2. Withdrawal of the Reference

The Defendant next moves the court to withdraw its reference of this matter to the Bankruptcy Court. In so urging, the Defendant avers that the requirements for both mandatory and permissive withdraw-

al have been satisfied. For the following reasons, the court disagrees and shall deny the Defendant's motion for withdrawal of the reference.

■ The court finds that mandatory withdrawal does not apply because this proceeding does not involve a substantial and material question of non-Bankruptcy Code federal law. The issues in the Plaintiffs' putative class action revolve solely around Title 11 bankruptcy law and whether the Defendant violated certain provisions of Title 11 in its dealings with the Plaintiffs and others. Thus, the first element of mandatory withdrawal, the involvement of a substantial and material question of non-Bankruptcy Code federal law in the case, is not present here.

■ As for permissive withdrawal, the court finds that the relevant factors weigh in favor of denying the motion to withdraw. To allow this case to proceed in the Bankruptcy Court would clearly be the most efficient use of judicial resources because the case has been pending there for some time and the issues raised in the Plaintiffs' complaint require construction of bankruptcy law, an area in which the Bankruptcy Court possesses special expertise. Further, the length of any potential delay and the cost to the parties of that delay would be great if this case were transferred to this court from the Bankruptcy Court, and withdrawal would not promote uniformity of bankruptcy administration, a goal that is best served by having the Bankruptcy Court adjudicate this matter. In light of these considerations, the court finds that the Defendant's motion to withdraw the reference should be denied.

### D. Conclusion

In sum, the court finds by a preponderance of the evidence that the Bankruptcy Court did not err in denying the Defendant's motion to dismiss the Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, the July 3, 2003, order of the Bankruptcy Court denying the motion to dismiss is affirmed. Further, the court holds that the Defendant's motion to withdraw the reference is denied.

A separate order in accordance with this opinion shall issue this day.

### ORDER AFFIRMING ORDER OF BANKRUPTCY COURT AND DENYING MOTION TO WITHDRAW REFERENCE

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the opinion and order entered by the United States Bankruptcy Court for the Northern District of Mississippi on July 3, 2003, denying the Defendant Washington Mutual Home Loans, Inc.'s motion to dismiss is AFFIRMED;

(2) the Defendant Washington Mutual Home Loans, Inc.'s motion to withdraw the reference (docket entry 2) is DENIED;

(3) the Defendant Washington Mutual Home Loans, Inc.'s motion to stay (docket entry 15) is DENIED AS MOOT, and the pending motion to strike the motion to stay (docket entry 17) is DENIED AS MOOT;

(4) the Plaintiffs' motion to supplement (docket entry 14) is GRANTED; and

(5) this case is CLOSED.

All memoranda, briefs, transcripts, declarations and other materials considered by the court in ruling on this appeal and motion are hereby incorporated into and made a part of the record in this action.