**In re Matthew Craig KAPP and Kelly Ann Kapp, Debtors.**

**No. 03–43688.**

United States Bankruptcy Court, W.D. Missouri.

Sept. 7, 2004.

Nell Adams, Blue Springs, MO, for Debtors.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtors Matthew and Kelly Kapp filed a motion to suspend their Chapter 13 plan payments, and GMAC Mortgage Corporation (GMAC) objected, pursuant to 11 U.S.C. § 1322(b)(2). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that a motion to suspend plan payments is not an impermissible modification of a security interest in real property that is the Kapps' principal residence.

## FACTUAL BACKGROUND

On June 12, 2003, the Kapps filed this Chapter 13 bankruptcy petition. On August 23, 2003, this Court confirmed their Chapter 13 plan. The plan provided for a bi-weekly payment to the Chapter 13 trustee in the amount of $590. From this payment, the trustee would pay GMAC a monthly payment of $802.62, and also pay to GMAC, over the life of the plan, prepetition arrearage in the amount of $5,700.

On May 6, 2004, the Chapter 13 trustee filed a motion to dismiss this case for default in plan payments. On July 6, 2004, the Kapps filed a motion to suspend $2,950 in plan payments, due to unanticipated medical expenses and a change in employer. GMAC objected to the motion to suspend, arguing that such a suspension modified their secured claim. On August 16, 2004, this Court held a hearing.

## DISCUSSION

GMAC objected to a suspension of plan payments as an impermissible modification of its security interest. Section 1322(b)(2) of the Bankruptcy Code (the Code) prohibits the modification of the rights of mortgagees secured only by the debtors' principal residence:

(b) Subject to subsections (a) and (c) of this section, the plan may—

.     .     .     .     .

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence.[1]

GMAC argues that because their claim is being paid through the plan, any suspension denies them a monthly payment. In addition, GMAC claims it must expend funds to pay insurance and taxes on the real estate. Nonetheless, two other sections of the Code seem to be in conflict with GMAC's position. Section 1322(b)(5) permits a debtor to cure any default within a reasonable period of time on a long-term secured claim:

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.[2]

---

**1.** 11 U.S.C. § 1322(b)(2).

**2.** 11 U.S.C. § 1322(b)(5).

And, section 1329 of the Code provides for modification of a plan after confirmation:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—
>
> > (1) increase or decrease the amount of payments on claims of a particular class provided for by the plan;
> >
> > (2) extend or reduce the time for such payments;
>
> ■ (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.[3]

In *Harris v. Washington Mutual Homes Loans, Inc. (In re Harris)*,[4] the court concluded that by adopting section 1322(b)(5) "Congress clearly intended to allow Chapter 13 debtors to cure arrearages within a reasonable time while making regular payments to the Trustee, notwithstanding the requirements and exceptions set forth in section 1322(b)(2)."[5] Thus, the *Harris* court found that section 1322(b)(5) trumps section 1322(b)(2). In *Central Bank of the South v. Thomas (In re Thomas)*,[6] the court found that a Chapter 13 debtor could cure a post petition default pursuant to a section 1329 modification of the plan, provided the debtor served notice and informed the court of any changed circumstances. Since the debtor had given notice of changed circumstances, the court held that the modification was not an impermissible modification of a creditor's rights in an indebtedness secured only by the debtor's residence.[7] The court went on to state that the legislative history underlying Chapter 13 makes clear that "if problems such as family illness, medical bills and layoff make execution of a confirmed plan impracticable, the Bankruptcy Code permits a temporary moratorium of payments."[8] In *In re Chavez*,[9] the court explained the extent of protections provided to mortgagees under sections 1322(b)(2) and 1322(b)(5). It found that the "focus should remain with what 'must' be complied with for the plan to be confirmed; the lien must be retained, and present value must be given."[10] Likewise, the inquiry when debtors move to suspend or modify a Chapter 13 plan is the same. GMAC must be in the same situation at the conclusion of the Chapter 13 plan as it would have been in had there been no default, either prepetition or postpetition. If that is so, its rights have been protect-

---

3.  11 U.S.C. § 1329(a) and (b).

4.  312 B.R. 591 (N.D.Miss.2004).

5.  *Id.* at 596.

6.  121 B.R. 94 (Bankr.N.D.Ala.1990).

7.  *Id.* at 105. *See also In re Chavez*, 138 B.R. 979, 982 (Bankr.D.N.M.1992) (holding that while debtors cannot modify a home mortgage, they can cure any default over the course of the Chapter 13 plan); *In re Davis*, 110 B.R. 834, 836 (holding that a post confirmation curing of a default under section 1325(b)(5) does not, *ipso facto*, constitute an impermissible modification in contravention of section 1322(b)(2)); *In re Palazzolo*, 55 B.R. 17, 18 (Bankr.E.D.N.Y.1985) (holding that debtors are permitted to create new payment schedules within their plans to provide for the curing of mortgage defaults provided the new schedule does not extend the final due date); *In re Simpkins*, 16 B.R. 956, 957 (Bankr.E.D.Tenn.1982) (holding that curing defaults and maintaining regular payments on a claim secured only by a debtor's home does not modify the mortgagee's rights).

8.  121 B.R. at 105.

9.  138 B.R. 979, 982 (Bankr.D.N.M.1992).

10.  *Id.* at 984.

ed. If not, it has the same recourse it has under state law. Moreover, it has recourse during the course of the plan if it receives no payments. While the Kapps are permitted to suspend their payments to the trustee, that does not suspend GMAC's right to a monthly payment. As for GMAC, the debtors are in default, and GMAC can move this Court for relief from the automatic stay.

■ GMAC stated in its post-trial brief that it felt compelled to object to a suspension in preparation for a future motion for relief from stay. I disagree. As a rule, a motion to suspend payments occurs after debtors are already delinquent. In this case, as in many cases, the Chapter 13 trustee filed a motion to dismiss for a default in plan payments, then debtors filed a motion to suspend the payments that made up the default. Nothing in the Code prevented GMAC from filing a motion for relief from the automatic stay as soon as the trustee failed to make its payment. Indeed, Rule 3093–1 of the Local Rules provides that the granting of a suspension is without prejudice to such a motion:

> RULE 3093–1. PLAN PAYMENT SUSPENSION
>
> For purposes of Chapter 13, any order granting an abatement, waiver, or suspension, does not eliminate the payment; rather it adds the payment onto the end of the plan unless the order specifically provides otherwise. The granting of an abatement, waiver, or suspension is without prejudice to the rights of any secured creditor to seek a lift of the stay or other appropriate relief.[11]

And, such suspension is without prejudice to the right of the trustee, or any creditor, to later take the position that the plan now fails to amortize in sixty months, and that such failure is a basis for dismissal.[12]

I will, therefore, overrule GMAC's objection to the Kapps' motion to suspend payments in the amount of $2,950.

I am authorized to say that the other bankruptcy judges for the Western District of Missouri agree with this Memorandum Opinion.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

**11.** Local Rules of Practice–United States Bankruptcy Court–Western District of Missouri 3093–1 (August 2003).

**12.** 11 U.S.C. § 1322(d).