# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 05-6023 EM

_____

| | | |
|---|---|---|
| In re: George Allen Martens and Patsy Lee Martens, | * * * | |
| Debtors. | * * * | |
| Patsy Lee Martens | * * | Appeal from the United States Bankruptcy Court for the |
| Debtor-Appellant, | * * | Eastern District of Missouri |
| v. | * * * | |
| Countrywide Home Loans, | * * | |
| Creditor-Appellee. | * | |

_____

Submitted: September 19, 2005
Filed: October 3, 2005

_____

Before FEDERMAN, MAHONEY, and VENTERS, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.

Debtor Patsy Lee Martens (Martens) appeals an order of the bankruptcy court,[1] entered on May 23, 2005, granting relief from the automatic stay to creditor Countrywide Home Loans (Countrywide). We affirm.

FACTUAL BACKGROUND

On April 5, 2005, Martens and her husband filed a Chapter 7 bankruptcy petition. On April 13, 2005, Countrywide filed a motion for relief from the automatic stay, or alternatively, a motion to dismiss. On May 19, 2005, the court held a hearing. At the hearing Countrywide submitted a copy of a promissory note evidencing a loan in the amount of $125,400, executed on March 15, 2004, and a copy of a deed of trust granting a security interest in real estate legally described as:

> A PART OF THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 26, TOWNSHIP 62, RANGE 14, DESCRIBED AS BEGINNING AT THE SOUTHWEST CORNER OF THE EAST HALF OF THE SOUTHWEST QUARTER, AND RUNNING THENCE NORTH 420 FEET, THENCE EAST 518 FEET, THENCE SOUTH 420 FEET, THENCE WEST 518 FEET TO THE POINT OF BEGINNING.[2]

Countrywide represented that Martens had made no monthly payments, as required by the promissory note, since December of 2004. Martens agreed with that representation. Countrywide also represented that the balance due was $124,755.57, plus late fees, attorneys fees, and prepayment penalty fees in the amount of $7,024.60. Martens did not dispute that fact either. Indeed, on Schedule D of her bankruptcy schedules she listed a debt to Countrywide in the amount of $125,400, and she did not identify that debt as being disputed. At the hearing, however, she

---

[1]The Honorable Kathy Surratt-States, United States Bankruptcy Judge for the Eastern District of Missouri.

[2]Pl. Ex. # 11 (May 23, 2005, Order granting relief from the automatic stay).

claimed that she did not originate the loan with Countrywide, therefore, Countrywide was a mere third-party debt collector. She argued that a third-party debt collector must present the original copy of the promissory note in order to foreclose on real estate, or to make any effort to collect a debt once informed the debt is in dispute. She stated that unless Countryside presented her with the original note, she did not have to make payments, and Countrywide had no right to foreclose. She also claimed that Countrywide violated the Fair Debt Collection Practices Act (the FDCPA) by attempting to collect the debt without displaying the original promissory note, by continuing collection efforts once informed the debt is being disputed, and by filing the motion for relief from stay. She further claimed that the bankruptcy court had no jurisdiction to hear this matter.[3]

## STANDARD OF REVIEW

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, giving due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses.[4] We review the legal conclusions of the bankruptcy court *de novo.*[5] We review the granting of a motion for relief from stay for clear error.[6]

---

[3]Martens was represented by counsel at the time she filed her bankruptcy petition. At the hearing on this motion, counsel to Countrywide stated that she had been advised by debtor's counsel that he would be consenting to the motion for relief from the automatic stay. Nevertheless, Martens appeared *pro se* at the hearing and is appearing *pro se* in this appeal.

[4]*Gourley v. Usery (In re Usery),* 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir.1997)). Fed. R. Bankr. P. 8013.

[5]*Pontow,* 111 F.3d at 609; *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997).

[6]*Resolution Trust Corp. v. Swedeland Development Group, Inc. (In re Swedeland*

DISCUSSION

We will first address the jurisdictional argument. Martens argues in her brief that the bankruptcy court did not "support and defend the U.S. Constitution," therefore, it did not have jurisdiction to decide the motion for relief from stay. Martens cited no accepted legal authority for her argument. The Martenses, however, submitted themselves, voluntarily, to the jurisdiction of the bankruptcy court when they filed their Chapter 7 bankruptcy petition.[7] They received a discharge on July 29, 2005, including the discharge of $55,429.60 in unsecured debt.[8] Moreover, bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11."[9] A motion to "terminate, annul, or modify the automatic stay" is a core proceeding.[10] Since Martens subjected herself to the jurisdiction of the bankruptcy court by filing her petition, and since the bankruptcy court has clear jurisdiction to rule on a core proceeding in a bankruptcy case, we find no merit to her argument that the bankruptcy court was without jurisdiction to rule on the motion for relief from the automatic stay.

She also apparently argues that a creditor cannot foreclose a deed of trust unless it presents the original promissory note. That argument may or may not be one that could be presented to the state court during the foreclosure procedure itself. The

---

*Development Group, Inc.)*, 16 F.3d 552, 558 (3rd Cir. 1994); *American Network Leasing, Inc. v. Apex Pharmaceuticals (In re Apex Pharmaceuticals)*, 203 B.R. 432, 439 (N.D. Ind. 1996).

[7]28 U.S.C. § 1334.

[8]Plaintiff's Appendix, Ex. # 1.

[9]11 U.S.C. § 157(b)(1).

[10]11 U.S.C. § 157(b)(2)(G).

bankruptcy court, however, held that Missouri is not an "original document" state.[11] In any event, that issue is not relevant to a motion to lift the automatic stay in a bankruptcy court.[12] A determination by the bankruptcy court to grant relief from the automatic stay is guided by § 362(d) of the Bankruptcy Code (the Code). That section provides that the court shall grant relief either for cause, or if there is no equity and the property is not necessary for an effective reorganization:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–

---

[11]*See* Mo. Stat. Ann. § 400.3-309 (stating that "a person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, Section 400.3-308 applies to the case as if the person seeking enforcement had produced the instrument"); *Affiliated Acceptance Corp. v. Boggs*, 917 S.W.2d 652, 656 (Mo. Ct. App. 1996) (holding that the note, but not the original note, or proof that the note cannot be produced, must be introduced); *UT Communications Credit Corp. v. Resort Development, Inc.*, 861 S.W.2d 699, 709 (Mo. Ct. App. 1993) (holding that the recording of a deed of trust was *prima facie* evidence of delivery and the failure of the grantor to give the grantee the original deed does not overcome that *prima facie* evidence). *See also In re Lord*, 325 B.R. 121, 128 (Bankr. S.D.N.Y. 2005) (where the bankruptcy court granted relief from the stay despite a debtor's claim that only the "true owner of the original note can collect payment").

[12]Martens argues that she brought a Rule 9014 motion, therefore, the bankruptcy court had to consider her claim that Countrywide had to present the original note to prove it had a valid claim before it could pursue its motion for relief from stay. The bankruptcy court properly discounted this argument. Rule 9014 provides that relief in a contested matter shall be requested by motion and reasonable opportunity for notice and a hearing. Fed. R. Bankr. P. 9014(a). A motion for relief from the automatic stay is a contested matter and Martens was given notice and a hearing. In any event, a Rule 9014 motion is not the appropriate procedure to be used to determine the validity of a lien. Fed. R. Bankr. P. 7001(2).

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if–

> (A) the debtor does not have an equity in such property; and

> (B) such property is not necessary to an effective reorganization.[13]

The statutory grounds for granting relief from the automatic stay are in the disjunctive.[14] The bankruptcy court must, therefore, grant relief if the movant either proves cause, or proves that there is no equity in the property and that it is not necessary for a successful reorganization.[15] Cause has been defined to mean "any reason whereby a creditor is receiving less than his bargain from a debtor and is without a remedy because of the bankruptcy proceeding."[16] A creditor is entitled to relief from the automatic stay if the debtor is not making mortgage payments,[17] and if there is insufficient equity in the property to adequately protect the creditor.[18] In this case, Martens admitted that she has made no mortgage payments since December of 2004. She scheduled the property with a fair market value of $135,000, and she scheduled Countrywide as the secured creditor. She did not dispute that the balance

---

[13]11 U.S.C. § 362(d)(1) and (2).

[14]*Production Credit Assoc. of the Midlands v. Wieseler (In re Wieseler)*, 934 F.2d 965, 968 (8th Cir. 1991).

[15]*Id.*; *In re Food Barn, Inc.,* 159 B.R. 264, 266 (Bankr. W.D. Mo. 1993).

[16]*Food Barn*, 159 B.R. at 266.

[17]*Wieseler*, 934 F.2d at 968; *In re Kapp*, 315 B.R. 87, 90 (Bankr. W.D. Mo. 2004).

[18]11 U.S.C. § 362(d)(1).

due on the date of the hearing was $133,751.72. For these reasons alone, the bankruptcy court did not err when it found cause existed to grant relief from the automatic stay.

The bankruptcy court only needed to determine that cause existed in order to grant the relief sought by Countrywide. However, by her own admissions, Martens does not have equity in the property, which satisfies § 362(d)(2)(A). This is a Chapter 7 liquidating bankruptcy case, therefore, by definition, the property is not necessary for an effective reorganization, which satisfies § 362(d)(2)(B). Martens' claim that Countrywide violated the FDCPA is supported only by her allegation that it could not collect its debt without presentment of the original note. Yet, she cited no provision of the FDCPA that so provides, and we have found none. For all these reasons, we affirm the decision of the bankruptcy court.

_____