# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 14-6045

_____

In re: Daniel Neale Gess; Amy Lea Garza

*Debtor*s

------------------------------

Daniel Neale Gess; Amy Lea Garza

*Debtors - Appellants*

v.

Randolph Brooks Federal Credit Union

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court

for the District of Minnesota - Minneapolis

_____

Submitted: February 17, 2015

Filed: March 18, 2015

_____


Before FEDERMAN, Chief Judge, SALADINO and NAIL, Bankruptcy Judges.


_____


FEDERMAN, Chief Judge


Daniel Neale Gess and Amy Lea Garza (the "Debtors") appeal from the Order of the Bankruptcy Court[1] granting the Randolph Brooks Federal Credit Union relief from the automatic stay with regard to a vehicle. For the reasons that follow, the Order is AFFIRMED.


## FACTUAL BACKGROUND

The Debtors filed a joint Chapter 7 bankruptcy petition, *pro se*, on July 30, 2014.[2] Randolph Brooks Federal Credit Union filed a Motion for Relief from Stay regarding a 2008 Chrysler Town & Country van, which had been owned by Debtor Daniel Gess' father, but was in the Debtors' possession. The Debtors opposed the Motion. The Bankruptcy Court granted the Motion, and the Debtors appeal.

---

[1] The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota.

[2] Debtor Amy Lea Garza has since been dismissed from the bankruptcy case.

## STANDARD OF REVIEW

A decision to grant or deny a motion for relief from the automatic stay is within the discretion of the bankruptcy court and is reviewed for an abuse of discretion. An abuse of discretion will be found if the court's judgment was based on clearly erroneous factual findings or on erroneous legal conclusions. In its application, the abuse of discretion standard is nearly indistinguishable from the clearly erroneous standard.[3]

## DISCUSSION

Section 362(a) of the Bankruptcy Code generally provides for an automatic stay against taking any action against property of the estate once a bankruptcy petition is filed. Section 362(d) provides for relief from the automatic stay, as relevant here:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

---

[3] *In re Crossroads Ford, Inc.*, 449 B.R. 366, 367 (B.A.P. 8th Cir. 2011) (citations omitted).

> (B) such property is not necessary to an effective reorganization.[4]

The Credit Union, as the moving party, bore the burden of proof on the issue of whether there was equity in the vehicle, but the Debtors bore the burden of proof on all other issues under § 362(d).[5]

The Bankruptcy Court granted relief under both subparagraphs (1) and (2), for reasons stated on the record at the conclusion of the hearing on the Motion. The Debtors appear to make three primary arguments as to why the stay should not have been lifted:  that they do not have an ownership interest in the vehicle; that the Credit Union's lien is no good or is not enforceable against them; and that the Credit Union's interest is adequately protected because the van is insured.

The first issue is whether the van is property of the bankruptcy estate subject to the automatic stay.  The Debtors asserted, and appear to continue to assert, that because the Credit Union failed to establish "color of title," they had no ownership interest in the van.  Indeed, the Bankruptcy Court found, and the Debtors do not dispute, that the Certificate of Title on the van lists Debtor Daniel Gess' father, Neale Walter Gess, as the sole owner.  As the Bankruptcy Court noted, if that had been the end of the inquiry, the Credit Union would not have needed relief from the stay in order to repossess the van in the first place.

---

[4]  11 U.S.C. § 362(d).

[5] 11 U.S.C. § 362(g).

4

However, § 541 of the Bankruptcy Code broadly defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case."[6] By the time the Debtors filed their bankruptcy case, Neale Gess had passed away and Debtor Daniel Gess was the sole designee under his will, which the Debtors had submitted to the Court. As a result, the Bankruptcy Court found that Debtor Daniel Gess had at least an equitable interest in the van, which interest was property of the estate. Therefore, the Credit Union was correct in seeking relief from the stay before exercising its rights as to the van. We see no clear error in that holding.

Next, the Debtors assert that the Credit Union does not have a perfected security interest in the van, or that the loan cannot be enforced against them. They submitted to the Court voluminous documentation detailing a pre-bankruptcy dispute with the Credit Union in making the loan to Neale Gess. However, as the Bankruptcy Court held, the Credit Union's interest was evidenced by a Security Agreement signed by Neale Gess, and the lien was noted on the Certificate of Title. The Certificate of Title was issued in Texas. Texas law provides that, except for motor vehicles being held as inventory, "a person may perfect a security interest in a motor vehicle that is the subject of a first or subsequent sale only by recording the security interest on the certificate of title as provided by this chapter."[7] The fact that Neale Gess is now deceased, and that the Debtors may not be personally liable on the loan, does not affect the Credit Union's security interest in the van. The Bankruptcy Court did not clearly err in finding that the Credit Union had a perfected security interest in the van.

---

[6] 11 U.S.C. § 541(a)(1).

[7] Tex. Transp. Code § 501.111 (2012).

The Debtors next assert that the Credit Union's interest is adequately protected because they produced evidence that it is insured. Insurance on a vehicle is, indeed, necessary to adequately protect a secured creditor's interest in it. However, "[t]he concept of adequate protection is derived from the property interest protections found in the Fifth Amendment."[8] "The purpose of adequate protection is to guard the secured creditor's interest from a decline in the value of the collateralized property."[9] Because vehicles depreciate in value relatively quickly through use, cash payments, in addition to insurance, are typically required to adequately protect the creditor. The Credit Union established that the loan was in default at the time it filed its Motion for Relief from the Stay and, as discussed below, that there was no equity cushion to protect against decline in value. Because the Credit Union established that its interest was not adequately protected, the Bankruptcy Court did not clearly err in holding that cause existed to lift the stay under § 362(d)(1).[10]

Finally, the Debtors assert that relief from the stay was not warranted under § 362(d)(2). However, the Credit Union demonstrated that the amount owed on the loan was $12,095.03, and the Debtors conceded that the value was $4,137.

---

[8] *In re Panther Mountain Land Dev., LLC*, 438 B.R. 169, 189 (Bankr. E.D. Ark. 2010 (citing U.S. Const. Amend. V; additional citations omitted). *See also LNC Investments, Inc. v. First Fidelity Bank*, 247 B.R. 38, 44 (S.D. N.Y. 2000) (citations omitted).

[9] *Id.* (citing 11 U.S.C. § 361; *United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988); additional citations omitted).

[10] *In re Martens*, 331 B.R. 395, 398 (B.A.P. 8th Cir. 2005) ("A creditor is entitled to relief from the stay if the debtor is not making mortgage payments, and if there is insufficient equity in the property to adequately protect the creditor.") (citations omitted).

Since the lien was valid, as discussed above, and the value of the van was less than the amount owed on the loan, there clearly was no equity. Further, the Debtors concede that the van is not needed for an effective reorganization because this is a Chapter 7 case.[11] As a result, the Court did not clearly err in granting relief from the stay under § 362(d)(2).

ACCORDINGLY, the Order of the Bankruptcy Court granting Randolph Brooks Federal Credit Union's Motion for Relief from Stay is AFFIRMED.

_____

---

[11] *Id.* ("This is a Chapter 7 liquidating bankruptcy case, therefore, by definition, the property is not necessary for an effective reorganization, which satisfies § 362(d)(2)(B).").